**In re FIRST STATE SECURITIES CORP., Debtor.**

**Bankruptcy No. 81–01207–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 13, 1984.

Donald J. Harrell, Jim D. Syprett, Sarasota, Fla., for claimants.

John L. Britton, Fort Lauderdale, Fla., trustee for First State.

Edward Kaufman, Miami, Fla., for trustee.

Theodore H. Focht, Washington, D.C., Gerald Richman, Miami, Fla., SIPC. ·

**ORDER DENYING MOTION TO REMOVE TRUSTEE AND ORDER DISCHARGING ORDER TO SHOW CAUSE**

THOMAS C. BRITTON, Bankruptcy Judge.

The motion (C.P. No. 334) of three creditors for the removal of the trustee was

heard on March 8 together with their motion (C.P. No. 333) that the trustee and the Securities Investors Protection Corp. (SIPC) be held in contempt.

Contempt is charged on the ground that: "The TRUSTEE and SIPC have willfully and intentionally violated this Court's November 30, 1983, Stipulation and Order of Dismissal."

That Order (C.P. No. 313) approved a settlement with these creditors for the immediate payment to them of all sums earlier allowed by this court on their claims and otherwise dismissed the claims with prejudice. See *In re First State Securities Corp.*, 34 B.R. 492 (Bkrtcy.S.D.Fla.1983) *vacated as moot between the parties.* The stipulated payment was made promptly after the order was entered.

■ Movants' grievance is that SIPC's counsel wrote movants on December 30th (C.P. No. 334, Exhibit A) that SIPC intended to appeal one or more other orders of this court and if it lost its appeal it would then seek rescission of the settlement and demand return of the amounts paid with interest.

The mere threat of possible future legal action which is contained in this letter does not constitute either civil or criminal contempt of this court. The Order to Show Cause entered February 16 (C.P. No. 335) is discharged.

■ The basis for the creditors' motion to remove the trustee is that he "is no longer a disinterested party" in that "he continuously advances positions that are in the sole interest of SIPC" and "has acted in accordance with the wishes of SIPC regardless of the merits of SIPC's suggestions or its effect upon the estate."

I agree with movants that for all practical purposes the trustee has been a puppet for SIPC since the inception of this case. SIPC is a party to this case and has an interest completely divergent from that of almost all other creditors. 15 U.S.C. § 78eee(d). These circumstances would require the immediate removal of a bankruptcy trustee under 11 U.S.C. § 324. 2 *Collier on Bankruptcy* (15th ed.) ¶ 324.02. Clearly the trustee would not be a "disinterested person" if the bankruptcy definition, 11 U.S.C. § 101(13)(E), were controlling in this instance.

However, SIPC's counsel has argued convincingly that in a SIPA case the bankruptcy statute is not applicable and that the controlling statute contemplates and virtually assures that the trustee *will be* SIPC's puppet. Therefore, the fact that he is subject to SIPC's control may not be the basis for his removal.

This case involves the liquidation of an insolvent securities broker under the Securities Investors Protection Act (SIPA) 15 U.S.C. § 78aaa et seq. Under SIPA, SIPC may obtain the appointment by the district court of a trustee for an insolvent broker, whereupon the case is removed to the bankruptcy court for liquidation under 15 U.S.C. § 78eee(b)(4). That happened here.

The liquidation is governed by SIPA and by the Bankruptcy Code, Title 11 U.S.C. but only to the extent that the latter is consistent with SIPA. 15 U.S.C. § 78fff(b).

SIPA is sharply inconsistent with the Bankruptcy Code in significant respects. SIPC may name the trustee and may even name itself trustee. 15 U.S.C. § 78eee(b)(3) and (6). SIPC controls the trustee's compensation. 15 U.S.C. § 78eee(b)(5)(C). Although the trustee must be "disinterested", the SIPA definition of that term contains the following proviso:

"except that SIPC shall in all cases be deemed disinterested, and an employee of SIPC shall be deemed disinterested if such employee would, except for his association with SIPC, meet the standards set forth in this subparagraph." 15 U.S.C. § 78eee(b)(6)(A).

The effect of these and other provisions is to give the trustee in these cases the appearance of independence while assuring his domination and control by SIPC.

The 1978 legislative history of this particular feature of SIPA contains the following

prescient objection to the present statutory provision:

"If SIPC were a federal agency the amendment could, perhaps, be justified. However, it is a private organization as constituted under Section 3 of the Act [15 U.S.C. 78ccc(a)] and has, during its brief existence, shown itself to be highly concerned with protecting the SIPC trust fund. There is a built-in conflict of interest with the trustee pressing strongly for recognition of customer claims and SIPC, except in the clearest of cases, resisting any claims based upon principles which would expand its liability. The proposed amendment to the Act places the trustee who chooses to advance the interests of the customers over that of SIPC in an untenable position. On the one hand, there is the carrot that if he subscribes to SIPC's position respecting claims, he may obtain a large fee which the court has no jurisdiction to reduce. On the other hand, there is the stick that if he objects to SIPC's position respecting claims, the court must place "considerable reliance" on the recommendation of SIPC when fees are to be determined. In our judgment, this amendment would tend to make the trustees and their counsel in a liquidation under the Act mere agents of SIPC, a result neither contemplated by the Act nor justified by past history."

Hearings Before the Subcommittee on Securities of the Committee on Banking, Housing, and Urban Affairs, United States Senate, on H.R. 8331 (April 25, 1978), 173.

Furthermore, another witness before the Senate Committee testified that "SIPC has perverted the Act by dominating the trustee" and that "an irresolvable conflict of interest exists under the present SIPC Act." Id. at 134–135.

Congress elected to ignore the warnings which have since proved justified.

The asserted justification for this extraordinary deception is that SIPC provides the funds to pay the creditors. This is a half truth. The SIPC Fund is raised from compulsory assessments on all securities business paid by all registered securities brokers and dealers. 15 U.S.C. § 78ddd(d). In effect, therefore, the Fund is nothing more or less than a compulsory insurance premium mandated by federal law, collected from brokers but charged to all securities investors.

In return, the creditor/customer who has suffered a loss gets what appears to be an independent, impartial claims analysis by an officer of a federal court, but all he *really* gets is a decision by the insurance company's claims agent, its captive trustee. 15 U.S.C. § 78fff–2(b).

In order to overcome the trustee's rejection of a claim, a customer/claimant must file a formal claim and fight both the trustee and SIPC (who are financed from the assessment he has paid) before the bankruptcy court and then face a possible appeal if he wins. As a practical matter, he must hire an attorney. Like the claimants in this case, he could be required to spend many thousands of dollars merely to get the protection he has paid for, from an agency which was created to protect him.

If, like the vast majority of rejected claimants, he accepts the trustee's decision in reliance upon its apparent independence, he has in a very real sense been defrauded. This, I believe, is a serious flaw in an otherwise commendable statute.

The entirely necessary purpose that the Fund be protected from improper claims erroneously allowed by the bankruptcy trustee and court is achieved by SIPC's status as a party to the proceeding. It ought not be achieved by letting SIPC masquerade as an independent, impartial court officer.

Congress should revisit this statute. Until it does, SIPC should consider permitting the appointment of the U.S. Trustee or the random appointment of a truly disinterested bankruptcy trustee from the panel established by the Director of the Administrative Office for the United States Courts under 28 U.S.C. § 604(f).

In the meantime, I would encourage my colleagues to be mindful of the extraordi-

nary affinity between SIPC and its trustee throughout the administration of these cases and to insure that all creditors are alerted to that fact and are aware of their option to file a claim with the court under 11 U.S.C. § 501 and B.R. 3001. 15 U.S.C. § 78fff–2(b).

The foregoing considerations do not alter the fact that this court has no authority in this SIPA case to replace a trustee merely because he is dominated by SIPC. In every other respect, the trustee in this case is above reproach and the movants have not suggested otherwise.

The motion to remove the trustee is, therefore, denied.