**In re FIRST STATE SECURITIES CORP., Debtor.**

**Bankruptcy No. 81–01207–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Feb. 8, 1985.

See also 19 B.R. 1019; 39 B.R. 26.

C. Edward Simpson, Jones, Bell, Simpson & Abbott, Los Angeles, Cal., Special Counsel to John L. Britton, Miami, Fla., Trustee, for liquidation of First State Securities Corp.

Raymond V. Miller, Britton, Cohen, Cassel, Kaufman & Schantz, P.A., Miami, Fla., for trustee.

Theodore H. Focht, Gen. Counsel, and Michael E. Don, Deputy Gen. Counsel, George F. Bingham, Associate Gen. Counsel to SIPC, Washington, D.C., for SIPC.

## ORDER AUTHORIZING PAYMENT TO SPECIAL COUNSEL

THOMAS C. BRITTON, Bankruptcy Judge.

The Second Application for Compensation (C.P. No. 386) of Jones, Bell, Simpson & Abbott of Los Angeles, as special counsel, for $80,933 was heard on February 4. The trustee supports the request. I am assuming, as I have been informed, that SIPC has already approved payment of this application and recognizes that its approval requires that SIPC advance this payment.

The application represents payment of one-half ($57,918) of the total compensation requested by these attorneys for their services from September through December, 1984 (the other half to be paid by SIPC through a similar Los Angeles bankruptcy case) in an action which has now been pending one and one-half years in Los Angeles. It also includes an additional $23,-015 which represents the retainage agreed to by these attorneys in connection with their first application for interim compensation. The applicant has already received $143,000. These efforts have yet to produce a penny for anyone and the action is not set for trial. The compensation requested represents an average hourly charge of $119 for investigation, pleadings and pre-trial preparation.

■ I consider the sum excessive as an interim allowance for services of this nature at this stage of this litigation. This applicant relies upon a 1981 decision of the Bankruptcy Court for the Western District of Washington. The decision is contrary to the decisions in several circuits including

this one and it has not to my knowledge been followed by any other court.

■ However, as this applicant and the trustee in this case have reminded me, I have no discretion nor any choice. The approval or disapproval of this particular application lies exclusively within the discretion of SIPC under the express provisions of 15 U.S.C. § 78eee(b)(5)(C):

> "In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, *the court shall award the amounts recommended by SIPC.*" (emphasis supplied.)

This statute either intentionally or inadvertently permits someone connected with SIPC to authorize questionable payments to attorneys from SIPC trust funds under the pretext that these payments have been reviewed, approved, authorized and directed by a federal court. Nothing could be more misleading.

Reluctantly, therefore, but without a choice, this application for compensation is approved in the amount requested.