In re BELL & BECKWITH, Debtor.

Patrick A. McGRAW, Trustee, Plaintiff,

v.

Roscoe R. BETZ, Jr., et al., Defendants.

Bankruptcy No. 85–0024.

United States Bankruptcy Court,
N.D. Ohio, W.D.

Feb. 15, 1990.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Stephen P. Harbeck, Washington, D.C., for SIPC.

Edward F. Zoltanski, Russell R. Miller, Toledo, Ohio, for Roscoe R. Betz, Jr.

Susan M. Pioch, Toledo, Ohio, for Robert R. Coon, II.

Randy L. Reeves, Lima, Ohio, for Louis Haubner, Jr.

Charles V. Contrada and Dennis F. Keller, Holland, Ohio, for Donald C. Henninger.

Philip R. Joelson, Toledo, Ohio, for J. Robert and Marilyn Jesionowski.

David M. Schnorf, Toledo, Ohio, for Thomas L. McGhee.

David W. Wicklund and Deborah L. Kovac, Toledo, Ohio, for John E. Thompson and George M. Todd.

Frank J.P. McManus, Toledo, Ohio, for Edward P. Wolfram, Jr.

David P. Rupp, Jr., Swanton, Ohio, for Beverly Betz.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court on J. Robert Jesionowski's Motion for New Trial and/or To Alter or Amend Judgment. In the Motion, Mr. Jesionowski sets forth several reasons why the Court should grant a new trial or alter or amend its January 19, 1990 decision holding the general partners liable for the sum of Twenty-nine Million Dollars ($29,000,000.00). The Trustee and Securities Investor Protection Corporation (hereinafter "SIPC") have filed Memoranda in Opposition to Mr. Jesionowski's Motion. The Court has reviewed the written arguments of counsel, as well as the entire record in this case. Based on that review, and for the following reasons, the Court finds that the Motion for New Trial and/or To Alter or Amend Judgment should be denied.

### FACTS

The facts necessary for the Court's decision are not in dispute. On January 19, 1990, this Court entered Summary Judgment against J. Robert Jesionowski, and Six (6) other general partners, for Twenty-nine Million Dollars ($29,000,000.00). 112 B.R. 863. It was the Court's determination that this was the figure that should be awarded, even though it represents One Million Dollars ($1,000,000.00) less than the minimum deficiency in the estate of Bell & Beckwith. Mr. Jesionowski filed the instant Motion on January 29, 1990.

Mr. Jesionowski's Motion asserts that the Court should enter an Order granting him a new trial because no hearing was held on the Trustee's Motion for Summary Judgment nor on Mr. Jesionowski's various Motions filed in opposition thereto. Specifically, Mr. Jesionowski argues that he would have raised the amount of accrued, but not allowed, legal and professional fees of the Trustee as a defense to the Complaint.

### LAW

■ There is no dispute that no request for Hearing on the Motion for Summary Judgment was ever made by J. Robert Jesionowski. Nevertheless, his counsel asserts that the Court erred in granting the Trustee's Motion for Summary Judgment without a Hearing. However, the majority of cases hold that the absence of a Hearing does not prevent the entry of Summary Judgment when no Hearing has been requested. *Kendall v. Hoover Co.*, 751 F.2d 171, 172–173 (6th Cir.1984); *Allied Chemical Corp. v. Mackay*, 695 F.2d 854, 856 (5th Cir.1983); *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 391–392 (6th Cir.1975); *Travelers Ins. Co. v. Young*, 580 F.Supp. 421, 425 (E.D.Mich.1984); *In re Earl Roggenbuck Farms, Inc.*, 51 B.R. 913, 919 (Bankr.E.D.Mich.1985).

In upholding the current version of Rule 3.01(1) of the Local Civil Rules of the United States District Court for the Northern District of Ohio, the Sixth Circuit Court of Appeals has stated:

> ... In the Northern District of Ohio, Rule 3.01 provides in part: "Motions, in general, shall be submitted and determined upon the motion papers hereafter referred to. Oral arguments of motions will be permitted on application and proper showing." Notwithstanding plaintiff's contention at oral argument that there were informal communications with the court, from the record it is indisputable that a hearing on the motion for summary judgment was never requested. Accordingly, plaintiff was not entitled to a hearing, and we find plaintiff's argument in this regard without merit. *See, Dayco Corporation v. Goodyear Tire & Rubber Company*, 523

F.2d 389, 391–92 (6th Cir.1975) (upholding an earlier version of Rule 3.01).

*Kendall v. Hoover Co.*, 751 F.2d at 172–173.

Counsel for Mr. Jesionowski has also argued that the Court failed to consider the presence of legal and professional fees which are being held back until the conclusion of this liquidation proceeding. Mr. Jesionowski asserts that because the fees are accrued, but not allowed, a genuine issue of material fact is created as to the amount of the Bell & Beckwith deficiency because the Court might disallow the entire amount which has been escrowed.

 The position advanced on behalf of Mr. Jesionowski might have merit if this case were one governed solely by the provisions of the Bankruptcy Code. However, in the present case, the Securities Investor Protection Act (hereinafter "SIPA") controls when there is a conflict with an otherwise applicable portion of the Bankruptcy Code. *See,* 15 U.S.C. § 78fff(b); *In re First State Securities Corp.*, 39 B.R. 26, 27 (Bankr.S.D.Fla.1984). The statutory language governing the allowance of fees in a SIPA liquidation is very different from that employed in the Bankruptcy Code. Section 78eee(b)(5)(C) states:

**(C) Recommendations of SIPC and awarding of allowances**

Whenever an application for allowances is filed pursuant to subparagraph (B), SIPC shall file its recommendation with respect to such allowances with the court prior to the hearing on such application and shall, if it so requests, be allowed a reasonable time after such hearing within which to file a further recommendation. In any case in which such allowances are to be paid by SIPC without reasonable expectation of recoupment thereof as provided in this chapter and there is no difference between the amounts requested and the amounts recommended by SIPC, *the court shall award the amounts recommended by SIPC.* In determining the amount of allowances in all other cases, the court shall give due consideration to the nature, extent, and value of the ser-

vices rendered, and shall place considerable reliance on the recommendation of SIPC. (emphasis added.)

In the case at bar, SIPC has always recommended the allowance of all fees and expenses requested by the Trustee and his counsel. Absent a "reasonable expectation of recoupment", the Court's hands are tied. Congress has mandated that when SIPC's recommendation is the same as the amount requested, no reduction in the Trustee's fees, or the attorneys' fees, is permitted. *See, In re First State Securities Corp.*, 48 B.R. 45 (Bankr.S.D.Fla.1985). (In his Opinion, the late Judge Thomas C. Britton offers observations and criticism of this particular provision of the Securities Investor Protection Act.)

Finally, the Court notes that the term "reasonable expectation of recoupment" remains undefined in SIPA and reported case law. At some time in the future, a Hearing will be held on that issue. However, the amounts withheld have been "awarded" under § 78eee(b)(5)(C). The deficiency in the estate of Bell & Beckwith, even when viewed in the optimistic fashion required for purposes of Summary Judgment, exceeds Twenty-nine Million Dollars ($29,000,000.00). Ultimately, it may be that a cogent argument cannot be mustered in support of finding that a "reasonable expectation of recoupment" exists.

In reaching these conclusions, the court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

ORDERED that J. Robert Jesionowski's Motion for New Trial and/or To Alter or Amend Judgment be, and is hereby, Denied.