DAYCO CORPORATION,
Plaintiff-Appellant,

v.

GOODYEAR TIRE & RUBBER COM-
PANY, Defendant-Appellee.

DAYCO CORPORATION,
Plaintiff-Appellant,

v.

FIRESTONE TIRE & RUBBER
COMPANY, Defendant-Appellee.

Nos. 75-1234, 75-1235.

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1975.

Decided Sept. 15, 1975.

As Amended Oct. 6, 1975.

**390**

Edgar H. Brenner, Arnold & Porter, Washington, D. C., Robert J. Rotatori, Gold, Rotatori, Messerman & Hanna, Cleveland, Ohio, for Dayco Corp.

John F. McClatchey, Thompson, Hine & Flory, Cleveland, Ohio, for defendants-appellees in both cases.

Denis McInerney, Dudley B. Tenney, Cahill, Gordon & Reindel, New York City, for Goodyear Tire & Rubber Co.

George D. Newton, Jr., Kirkland & Ellis, Hammond E. Chaffetz, Reuben L. Hedlund, Thomas F. Gardner, Chicago, Ill., for Firestone Tire & Rubber Co.

Before PHILLIPS, Chief Judge, and McCREE and LIVELY, Circuit Judges.

McCREE, Circuit Judge.

This is a consolidated appeal from the grant of summary judgment in favor of defendants in two private antitrust actions brought by Dayco Corporation against Goodyear and Firestone. The complaints are practically identical and are based upon Sections 4 and 16 of the Clayton Act, 15 U.S.C. §§ 15, 26, and Section 2 of the Sherman Act, 15 U.S.C. § 2.

Dayco alleged that in 1959 and 1960, the defendants initiated sharp price reductions on replacement automobile tires as a part of an attempt to monopolize the market for replacement tires. Dayco contends that this conduct violated the Clayton Antitrust Act and caused it to suffer losses in its tire-making business that eventually forced it to sell its tire manufacturing facilities for less than their fair market value. Dayco asked for treble damages and equitable relief including divestiture.

All parties agree that the last act in the antitrust violations, if any, occurred in 1961 when Dayco sold its facilities and went out of the tire-making business—13 years before these cases were filed. Firestone and Goodyear moved to dismiss the complaints under F.R.Civ.P. 12(b)(6) contending that Dayco's legal and equitable claims were barred by the four year statute of limitations. Section 4B of the Clayton Act, 15 U.S.C. § 15b (1970). While the motions were pending, both Firestone and Dayco filed a number of affidavits.

On November 21, 1974, without holding a hearing on the motions, the district court entered a memorandum opinion. The court observed that although a motion to dismiss under Rule 12(b) may be granted because a statute of limitations bars the action (*Partis v. Miller Equip-*

ment *Co.,* 324 F.Supp. 898, 902 (N.D.Ohio 1970), *aff'd,* 439 F.2d 262 (6th Cir. 1971)), in this case both parties had offered matters outside of the pleadings and the motion would accordingly be treated as a motion for summary judgment. The district court held: (1) that the treble damage claim was barred by the statute of limitations of Clayton Act Section 4B, 15 U.S.C. § 15b (1970); (2) that the equitable claims should be dismissed with the underlying legal claim; (3) that Dayco had failed to allege conduct that, if true, would constitute a claim of fraudulent concealment sufficient to toll the statute of limitations; and (4) that Dayco had not adequately pleaded its own due diligence in discovering its cause of action.

Dayco's appeal presents a number of issues, of which three are dispositive in our view. First, Dayco alleges that the court erred in converting the motions to dismiss to motions for summary judgment without either notice or a hearing. Second, Dayco argues that its equitable claims stand in their own right and are not affected by the four year limitation of Section 4B of the Clayton Act. Third, Dayco urges that the district court erred in determining that plaintiff's pleadings did not make out a claim of fraudulent

concealment sufficient to toll the statute of limitations.

We do not agree and we affirm the district court.

## SUMMARY JUDGMENT

■ Appellant contends that the denial of a hearing on the motion to dismiss was a violation of Rules 12(b) and 56, as well as a violation of fundamental notions of fairness and due process of law. We disagree with appellant's contention and hold that F.R.Civ.P. 83 in combination with Rules 56(c) and 78 [1] "authorize[s] district courts to provide by rule that a party desiring oral argument on a motion for summary judgment must apply therefor, in the absence of which oral argument will be deemed to have been waived." *Dredge Corp. v. Penny,* 338 F.2d 456, 461–62 (9th Cir. 1964).

In this case the local court rules of the Northern District of Ohio provide: "Motions, in general, shall be submitted and determined upon motion papers hereinafter referred to. Oral arguments of motions will be permitted on application and proper showing." Rule 3(a)(1), Rules of Procedure for the U.S. District Court of the Northern District of Ohio. Similar rules have been upheld in *Parish*

---

1. The rules provide:

### Rule 56.
### SUMMARY JUDGMENT

*(c) Motion and Proceedings Thereon.* The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

### Rule 78.
### MOTION DAY
Unless local conditions make it impracticable, each district court shall establish regular times and places, at intervals sufficiently frequent for the prompt dispatch of busi-

ness, at which motions requiring notice and hearing may be heard and disposed of; but the judge at any time or place and on such notice, if any, as he considers reasonable may make orders for the advancement, conduct, and hearing of actions.

To expedite its business, the court may make provision by rule or order for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition.

### Rule 83.
### RULES BY DISTRICT COURTS
Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. Copies of rules and amendments so made by any district court shall upon their promulgation be furnished to the Supreme Court of the United States. In all cases not provided for by rule, the district courts may regulate their practice in any manner not inconsistent with these rules.

*v. Howard,* 459 F.2d 616 (8th Cir. 1972), *Sarelas v. Porikos,* 320 F.2d 827 (7th Cir. 1963), *cert. denied,* 375 U.S. 985, 84 S.Ct. 519, 11 L.Ed.2d 473 (1964) (no denial of due process), *Bagby v. United States,* 199 F.2d 233 (8th Cir. 1952), *see also Summary Judgment—Hearing—Argument,* 1 A.L.R.Fed. 295, § 2[b] (1969). We determine that the district court did not err in failing to afford oral argument to the parties because no party requested it.

■■ Secondly, Dayco urges that the district judge should have given the parties ten days notice before he considered the 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment. Dayco correctly states that on a motion to dismiss, a plaintiff may safely rely on his complaint because the pleadings must be liberally construed in favor of the non-moving party and all well-pleaded allegations must be taken as true. On the other hand, since summary judgment may be based on matters outside the pleadings, a plaintiff must demonstrate by the pleadings, by affidavit or otherwise, that there is a genuine dispute concerning some material fact. F.R.Civ.P. 56(e). Dayco claims that it was denied a reasonable opportunity to introduce matters responsive to a motion for summary judgment because the district court made the conversion without giving notice. Dayco does not allege that it did not have enough time to file supplementary materials, and, in fact, the record reveals that approximately seven weeks elapsed between the service of the 12(b)(6) motions and the entering of judgment. Instead, Dayco contends that it believed that it was not required to file anything further because the district court had been requested to consider only a motion to dismiss. Nevertheless, during this interval, Firestone filed affidavits in support of the motion and Dayco filed affidavits in opposition.

Rule 12(b) provides in pertinent part:

. . . If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Rule 56(c) further adds:

The motion shall be served at least 10 days before the time fixed for the hearing.

■ It seems clear then, that if affidavits are filed with the district court, the court must proceed under Rule 56 unless the court decides to exclude the affidavits. It seems logical to read the 10 day requirement of Rule 56(c) into the Rule 12(b) "reasonable opportunity" to file supplemental materials. These requirements have been met even if we compute the 10 day period from the filing of the Dayco affidavit. But, Dayco urges that there is an additional requirement that the district judge give at least 10 days notice that he intends to convert the motion to dismiss to a motion for summary judgment. Although we believe that it is better practice for a district court to give notice of its intention to treat a 12(b) motion as one for summary judgment, and failure to do so may require reversal under certain circumstances, nevertheless, we hold that no error was committed here.

The Second Circuit considered the same issue in *Cook v. Hirschberg,* 258 F.2d 56 (2d Cir. 1958):

Plaintiffs contend that, as against a motion to dismiss, the complaint should be liberally construed in favor of the pleader. But defendants' filing of affidavits with their motion essentially converted it into a motion for summary judgment, F.R. 12(b), and placed upon plaintiffs an obligation to reveal the merits of their case. [Citations omitted]. This obligation plaintiffs failed to fulfill. 258 F.2d at 57–58.

The Ninth Circuit, adopting the doctrine of *Cook,* reversed a district court denial of a motion to dismiss and remanded with instructions to enter summary judgment for the defendants, observing that plaintiffs' failure to disclose the merits of their case after defendants had filed affidavits with their 12(b) motion ended plaintiffs' entitlement to liberal construction of the pleadings in their favor. *International Longshoremen's & Warehousemen's Union v. Kuntz,* 334 F.2d 165 (9th Cir. 1964).

The "reasonable opportunity" language of Rule 12(b) is designed to prevent unfair surprise to the parties. Dayco cannot claim it was surprised because it made no effort to exclude the Firestone affidavits, but, instead, responded with its own. Under the circumstances, the district court was required to proceed under Rule 56, and notice to the parties that it was so doing would merely have informed them of what they should already have known.

The cases cited by Dayco as establishing a contrary rule are all distinguishable. Our own case of *Sims v. Mercy Hospital of Monroe,* 451 F.2d 171 (6th Cir. 1971), did not involve affidavits at all. In *Sims,* the trial judge relied upon a statement made by the attorney for the plaintiff at oral argument on a 12(b)(6) motion and without notice to anyone, entered summary judgment for the defendant. The plaintiff in that case could legitimately claim that he was taken by surprise by the conversion of that motion. In *Johnson v. RAC Corp.,* 491 F.2d 510 (4th Cir. 1974), by holding in abeyance a plaintiff's efforts at discovery, the court was held to have denied him a "reasonable opportunity" to file affidavits counter to the one defendant had filed during the pendency of a motion to dismiss. *Scott v. Courtesy Inns, Inc.,* 472 F.2d 563 (5th Cir. 1973),

also involved interrogatories which had been suppressed upon "vague and conclusory objections." In *Bowdidge v. Lehman,* 252 F.2d 366 (6th Cir. 1958), the district court entered summary judgment on its own motion on a record without depositions, admissions or affidavits, and without notice to the parties, neither of whom had filed a motion to dismiss or for other summary relief. In *Dale v. Hahn,* 440 F.2d 633 (2d Cir. 1971), it is not clear whether the district court granted a motion to dismiss or entered summary judgment. The plaintiff had filed no affidavits, and the court, in dismissing the complaint, made an adverse factual finding on defendant's affidavit alone. In reversing, the court of appeals said that the trial court should have given "some indication" that it was considering summary judgment. Finally in *Costen v. Pauline's Sportswear, Inc.,* 391 F.2d 81 (9th Cir. 1968), the court expressly found that the plaintiff had been misled by the proceedings and did not have a reasonable opportunity to file supplementary material.

██ Whether notice of conversion is required or not depends on the facts and circumstances of each case. Where one party is likely to be surprised by the proceedings, notice is required. Since Dayco participated in the pretrial proceedings and filed counter-affidavits, it cannot claim unfair surprise when the district court converted the motion to dismiss to one for summary judgment.[2]

### FRAUDULENT CONCEALMENT

All parties agree that if plaintiff has a cause of action, it arose no later than 1961 when Dayco sold its tire manufacturing facilities to Firestone for less than their market value. Accordingly, the four year statute of limitations of the Clayton Act, § 4B, 15 U.S.C. § 15b, is

---

2. We further observe that after entry of judgment, Dayco did not ask the court to reconsider its judgment or ask to submit additional material. Even on appeal, Dayco does not indicate what other material it would file if we were to reverse and remand this case. Although these steps are not prerequisites to appeal, the fact that Dayco did not pursue them further confirms our conviction that notice of conversion by the district court would have served no useful purpose in this case.

a bar to this action unless the delay in commencing the action is excused by some exception. Appellant claims that appellees' fraudulent concealment of Dayco's cause of action tolled the statute of limitations.

We have recognized that the statute of limitations applicable to private antitrust actions may be tolled where a plaintiff did not file its action in time because of ignorance resulting from a defendant's fraudulent concealment. *Akron Presform Mold Co. v. McNeil Corp.,* 496 F.2d 230 (6th Cir.), *cert. denied,* 419 U.S. 997, 95 S.Ct. 310, 42 L.Ed.2d 270 (1974). However, as the Supreme Court observed in *Wood v. Carpenter,* 101 U.S. 135, 139, 25 L.Ed. 807 (1879): "Statutes of limitations are vital to the welfare of society and are favored in the law." Stale conflicts should be allowed to rest undisturbed after the passage of time has made their origins obscure and the evidence uncertain.

■ Under F.R.Civ.P. 9(b), the party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity. Three elements must be pleaded in order to establish fraudulent concealment: ' (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts. *Weinberger v. Retail Credit Co.,* 498 F.2d 552 (4th Cir. 1974). Although Dayco's complaint is deficient in all three respects, it is sufficient to observe that Dayco has failed to plead its own due diligence with the requisite particularity demanded by Rule 9(b).

The Supreme Court case of *Wood v. Carpenter, supra,* long ago established the standards for pleading fraudulent concealment. The Court said that an injured party has a positive duty to use diligence in discovering his cause of action within the limitations period. Any fact that should excite his suspicion is the same as actual knowledge of his entire claim. Indeed, "the means of knowledge are the same thing in effect as knowledge itself." 101 U.S. at 143. If the plaintiff has delayed beyond the limitations period, he must fully plead the facts and circumstances surrounding his belated discovery "and the delay which has occurred must be shown to be consistent with the requisite diligence." 101 U.S. at 143. Our own recent decision in *Akron Presform Mold Co., supra,* applied the same standards to the Clayton Act statute of limitations. *See also Willmar Poultry Co. v. Morton-Norwich Products, Inc.,* 520 F.2d 289 (8th Cir. 1975).

■■ After listing the substantive elements of the alleged antitrust violation, Dayco pleaded that even though it had used all due diligence it could not have discovered its cause of action any earlier than 1973, when the government filed a complaint against these defendants. Aside from the fact that Dayco's mere allegation of due diligence without asserting what steps were taken is insufficient under the *Wood* standard, the district court had before it in memoranda filed in connection with the motions other facts and circumstances that required an explanation by Dayco. In 1959, the United States Congress conducted hearings that explored some of the same violations complained of by Dayco. Also, in 1961, industry-wide publicity was given to a Federal Trade Commission suit describing Goodyear's sales commission plans that ended in a cease and desist order. As the district court held, the congressional proceedings should have aroused Dayco's suspicions, and its failure to investigate further at that time was not the exercise of due diligence required in order to employ the fraudulent concealment doctrine to avoid the bar of the statute of limitations. We affirm the district court's determination that the operation of the statute of limitations was not tolled.

### EQUITABLE RELIEF

Dayco presents an additional argument to avoid the statute of limitations.

It claims that even if its legal claim, the treble damage action, is barred, its equitable claim stands on independent grounds. It contends that the four year statute of limitations in Section 4B of the Clayton Act applies only to treble damage awards and does not affect the Section 16 authorization for injunctive relief.

Most courts that have considered this question have assumed that there is only one cause of action for violation of the antitrust laws, and that when the statute of limitations bars the cause of action, it is immaterial whether equitable or legal relief was sought. *See Farbenfabriken Bayer, A. G. v. Sterling Drug, Inc.,* 197 F.Supp. 627 (D.N.J.1961), *aff'd,* 307 F.2d 210 (3rd Cir. 1962), *cert. denied,* 372 U.S. 929, 83 S.Ct. 872, 9 L.Ed.2d 733 (1963); *Weinberger v. Retail Credit Co.,* 498 F.2d 552 (4th Cir. 1974). On the other hand, the Ninth Circuit in *International Tel. & Tel. Corp. v. Gen. Tel. & Elec. Corp.,* 518 F.2d 913 (9th Cir. 1975), held that § 16 of the Clayton Act created a separate equitable cause of action that was not affected by the statute of limitations in § 4B. However, the court held that a stale action was barred by applying § 4B by analogy to § 16, using the familiar equitable doctrine that equity normally follows the law on the limitation of actions. The court left open the possibility, however, that equitable relief would be available beyond the limitations period if the injured plaintiff could affirmatively show (1) the delay caused no prejudice to the defendant or (2) there were other sufficient reasons recognized by a court of equity which excuse the delay.

We need not reach the issue whether the equitable claim is barred by the Section 4B statute of limitations or whether equitable doctrines control disposition of the equitable claim since we find that the pleadings do not sufficiently state an equitable cause of action.

The Clayton Act § 16, 15 U.S.C. § 26 (1973), gives the court jurisdiction to grant equitable relief "against threatened loss or damage by a violation of the antitrust laws." Dayco pleads no "threatened loss or damage" either now or in the future. Paragraph 26(d) of the complaint is the only allegation of harm: "Plaintiff has been and is now prevented from re-entering the market as a competitor in the manufacture and sale of tires." But, in an affidavit filed with the Federal Trade Commission in 1961, Dayco disavowed any intention of re-entering the replacement tire market. Dayco contends that this affidavit should no longer be probative of its present intentions. Nevertheless, it is the only evidence submitted by any party related to the issue whether Dayco is under any threat of loss or damage from the illegal acts of the defendants. We hold that the district court was correct in dismissing Dayco's equitable claims along with the legal claim.

Affirmed.