758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GEROGE AMES, D/B/A GEORGE'S TEXACO, PLAINTIFF-APPELLANT,
v.
TEXACO, INC. BLARNEY CASTLEOILCOMPANY AND DENNIS E. MCARTHY,
DEFENDANTS-APPELLEES.
 NO. 84-1118
 United States Court of Appeals, Sixth Circuit.
 2/15/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 Before: CONTIE, KRUPANSKY and MILBURN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff-appellant, George Ames, d/b/a George's Texaco ('Ames'), appeals the decision of the district court granting the summary judgment motions of the defendants-appellees, Texaco, Inc., Blarney Castle Oil Company ('Blarney Castle'), and Dennis E. McCarthy ('McCarthy'), on the grounds that the applicable statute of limitations had run. We affirm.
 
 
 2
 Ames operated a gas station from May 15, 1972, until April 1, 1979. Ames leased the property from defendant McCarthy until October, 1978, when McCarthy sold the leasehold. Ames purchased oil products from defendant Blarney Castle, a distributor of products manufactured by defendant Texaco, until April 1, 1979, when the franchise relationship between Ames and Texaco was allegedly terminated.
 
 
 3
 Ames brought this action on December 8, 1982, under the Petroleum Marketing Practices Act, 15 U.S.C. Sec. 2801, et seq., ('the Act'). Ames alleged that when McCarthy sold the property in October, 1978, he effectively terminated the franchise without providing notice at least ninety (90) or one hundred eighty (180) days in advance of the termination as required by the Act. See 15 U.S.C. Sec. 2804. Ames alleged that Texaco and Blarney Castle terminated the franchise on April 1, 1979, also without providing the required notice in advance thereof.
 
 
 4
 The district court held that the alleged violation of Ames' right to notice had its final impact in October, 1978, due to the conduct of McCarthy, and in April, 1979, due to that of the defendants Blarney Castle and Texaco. The court held that Ames' failure to bring his action within one year of those respective dates barred him from asserting his rights under the Act against the defendants.
 
 
 5
 The applicable statute of limitations provides as follows:
 
 
 6
 (a) If a franchisor fails to comply with the requirements of section 2802 or 2803 of this title, the franchisee may maintain a civil action against such franchisor. Such action may be brought, . . ., except that no such action may be maintained unless commenced within 1 year after the later of--
 
 
 7
 (1) the date of termination of the franchise or non-renewal of the franchise relationship; or
 
 
 8
 (2) the date the franchisor fails to comply with the requirements of section 2802 or 2803 of this title.
 
 
 9
 15 U.S.C. Sec. 2805.
 
 
 10
 The Act requires that the notice be in writing and include, among other things, a summary statement that includes the respective responsibilities of, and remedies and relief available to, a franchisee under the Act. The statement includes a complete description of the rights of the franchisee, including the right to file suit, and the applicable statute of limitations. See 15 U.S.C. Sec. 2804(c)(3)(C), (d); 43 Fed. Reg. 38, 743-46 (1978).
 
 
 11
 Ames argues that the proper interpretation of subsection (2) of the statute of limitations is that an action may be commenced within one year after the failure to give the required notices under the Act has ended. He insists that as the defendants have never given the required notices, he has filed his action within the time limits described by the Act.
 
 
 12
 We disagree. The plain meaning of subsection (2) of the statute of limitations is that the one year period begins to run from the date that the franchisor fails to comply with the requirements of the Act. The wrongful act in question here is the defendants' alleged failure to provide advance notice of termination. Therefore, under subsection (2), the one year period began ninety (90) days prior to the termination date. Cf. Gulf Oil Corp. v. Dyke, 734 F.2d 797 (Em. App. 1984) (In an action to recover overcharges under the Economic Stabilization Act of 1970, 12 U.S.C. Sec. 1904 note, statute of limitations begins to run from date of first overcharge). Therefore, the district court was correct in holding that the limitation period began to run, at the latest, on the date the franchise was terminated.
 
 
 13
 In short, we believe the statute is clear and is susceptible to but one interpretation. Appellant's position effectively reads the statute of limitations out of the Act. We do not believe Congress could have intended such a result. Although the appellant is no doubt correct that the Act was passed in large part to protect franchisees from overreaching by franchisors, we also believe that the legislation was enacted in part as an effort to balance the rights of franchisors and franchisees. This statute of limitations, like all statutes of limitations, is intended to require that plaintiffs bring their actions within a reasonable period of time. The fact that the Act may have been passed in part to protect franchisees does not require that the plain language and intent of the statute of limitations be ignored.
 
 
 14
 Appellant Ames next argues that the limitation period was tolled because the defendants fraudulently concealed the existence of the cause of action. Ames argues that because the defendants did not make the required disclosure of his rights under the Act, the statute of limitations was tolled, at least until he discovered, or ought to have discovered, the existence of a cause of action under the Act.
 
 
 15
 We believe that the appellant is barred from presenting this argument because it was not properly pleaded before the district court. See Fed. R. Civ. P. 9(b). In Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389 (6th Cir. 1975), the court stated:
 
 
 16
 Under F.R.Civ.P. 9(b), the party alleging fraudulent concealment must plead the circumstances giving rise to it with particularity. Three elements must be pleaded in order to establish fraudulent concealment: (1) wrongful concealment of their actions by the defendants; (2) failure of the plaintiff to discover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts.
 
 
 17
 Id. at 394 (citation omitted). Ames' complaint is deficient in all three respects.
 
 
 18
 However, assuming arguendo that the argument is properly before the court, appellant's claim of fraudulent concealment cannot stand. Ames' cause of action rests on the alleged failure of the defendants to provide notice of the termination of the franchise. Once the franchise was terminated (of which Ames does not and indeed cannot claim he was unaware) Ames must be charged with the knowledge that the advance notice had not been given. Therefore, he cannot satisfy the first and second elements enunciated in Dayco Corp. As to the third element, the record is devoid of any evidence as to his due diligence.
 
 
 19
 For the reasons stated herein, the judgment of the district court is hereby AFFIRMED.