831 F.2d 293
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stewart B. BROOKS; Mandel Calvin, Plaintiffs-Appellants,
v.
Richard P. SEITER; Frederick R. Silber; Sgt. Judith Allen;
Lt. G. Padan, Defendants-Appellees.
 No. 87-3202.
 United States Court of Appeals, Sixth Circuit.
 Oct. 13, 1987.
 
 Before LIVELY, Chief Judge, KEITH and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs are state prisoners at the Southern Ohio Correctional Facility (SOCF). On December 14, 1983, the plaintiffs filed a 42 U.S.C. Sec. 1983 action against the Director of the Ohio Department of Rehabilitation and Correction (ODRC), the Chairman of its Publication Screening Committee and two corrections officers involved in mailroom operations at SOCF. In their complaint, the two prisoners alleged that their first and fourteenth amendment rights were violated by the defendants' refusal to deliver to them eight booklets and a men's magazine. The booklets and magazine were withheld by the defendants based upon their determination that the booklets were inflammatory and the magazine obscene under Ohio Admin.Reg. Sec. 5120-9-19.
 
 
 3
 The prisoners' action was initially dismissed as frivolous under 28 U.S.C. Sec. 1915(d). This court on appeal, however, vacated the judgment of the district court and remanded the case to the district court for further proceedings. The district court thereafter dismissed the plaintiffs' action a second time in response to the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)96). In so doing, the district court concluded that the defendants' decision to withhold the reading material was rationally related to a substantial governmental interest and that the resulting restriction on the plaintiffs' first amendment rights was not overbroad.
 
 
 4
 Although the district court did not expressly set forth the Federal rule of Civil Procedure relied on to dismiss the plaintiffs' action, its order of dismissal must be treated as a summary judgment pursuant to Fed.R.Civ.P. 56, given the reliance of the district court on matters outside the pleadings. Dayco Corp. v. Goodyear Tire and Rubber Co., 523 F.2d 389 (6th Cir.1975). Under Fed.R.Civ.P. 56, a summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, 477 U.S. ----, 106 S.Ct. 2505, 91 L.Ed.2d 202, 211 (1986); Smith v. Hudson, 600 F.2d 60 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979).
 
 
 5
 Applying this standard to the record before us, we must vacate the judgment of the district court and remand the case for further proceedings.
 
 
 6
 This court in Espinoza v. Wilson, 814 F.2d 1093 (6th Cir.1987), recently set forth the evidentiary burden of prison officials as defendants in a Sec. 1983 action brought to challenge restrictions on the first amendment rights of prisoners. To prevail in such an action,
 
 
 7
 [T]he state needs only to produce evidence that to permit the exercise of first amendment rights would create a potential danger to institutional security. This evidence may consist of expert testimony from the responsible officials, provided they testify to opinions that are "held 'sincerely' and [are] arguably correct. Once the state has met its burden of going forward with the evidence, the courts must defer to the expert judgment of the prison officials unless the prisoner proves by "substantial evidence ... that the officials have exaggerated their response" to security considerations
 
 
 8
 Espinoza, at 1099 (citing St. Claire v. Culyer, 634 F.2d 109, 114-15 (3d Cir.1980)). See Turner v. Safely, --- U.S. ----, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Brown v. Johnson, 734 F.2d 408 (6th Cir.1984). The state has yet to meet this burden in the present appeal. Nowhere in the record is there any evidence to explain the defendants' conclusion that the censored material was inflammatory or obscene under Sec. 5120-9-19. No depositions, affidavits, interrogatories or admissions were filed. Indeed, only three of the eight disputed booklets were placed in the record. Absent this material evidence, the defendants cannot prevail as a matter of law because genuine issues of material fact exist as to their reasons for declaring the ordered reading material inflammatory or obscene.
 
 
 9
 Accordingly, the judgment of the district court entered on February 24, 1987, is vacated and the case is remanded pursuant to Rule 9(b)(6), Rules of the Sixth Circuit.