STATE OF NEW YORK, Plaintiff,

v.

CEDAR PARK CONCRETE CORP., et al., Defendants.

STATE OF NEW YORK, Plaintiff,

v.

CENTURY–MAXIM CONSTRUCTION CORP., et al., Defendants.

Nos. 85 CIV 1887(LBS), 86 CIV 8128(LBS).

United States District Court, S.D. New York.

April 28, 1988.

Robert Abrams, Atty. Gen., State of N.Y., New York City, for plaintiff; Lloyd Constantine, Chief, Antitrust Bureau, Alice McInerney, Robert L. Hubbard, Carol Antonacci, Asst. Attys. Gen., of counsel.

Wilentz Goldman & Spitzer, Woodbridge, N.J., and Christy & Viener, New York City, for Cedar Park Concrete Corp. and Cedar Park Const. Corp.

Shea & Gould, New York City, for Century–Maxim Const. Corp.

Sylvor, Schneer, Gold & Morrelli, New York City, for Nasso–S & A, A Joint Venture, and Julius Nasso Concrete Corp.

Parcher, Arisohn & Hayes, New York City, for North Berry Const. Corp. and Joseph Martinelli.

Edward J. Halloran, pro se.

Stillman, Friedman & Shaw, P.C., New York City, for S & A Concrete Co., Inc., S & A Structures, Inc., A & S Structures, Inc., A & S Concrete Co. and Nicholas Auletta.

Gerald L. Shargel, New York City, for G & G Concrete Corp.; Meister, Leventhal & Slade, of counsel.

Golenbock & Barell, New York City, for The DIC Concrete Corp., DIC Industries, Inc., Underhill Const. Corp., Underhill Industries, Inc., The DIC Concrete Corp. and Underhill Const. Corp., a joint venture, and IIJ Enterprises, Inc.

Obermaier, Morvillo & Abramowitz, P.C., New York City, for Joseph DePaola, Walter Goldstein and Frank Phelan.

Patrick M. Wall, P.C., New York City, for Alvin O. Chattin.

## OPINION

SAND, District Judge.

In the cases before us, the defendants previously moved to dismiss the antitrust claims brought by the State of New York under section 4 of the Clayton Act, 15 U.S.C. § 15, and under sections 340 and 342–b of the New York General Business Law ("Donnelly Act") for alleged participation in a continuing scheme to rig bids and to allocate shares of the market for reinforced-concrete construction work.[1] In our Opinion of June 25, 1987, 665 F. Supp. 238 (S.D.N.Y. 1987), we found, *inter alia*, that the State of New York, as *parens patriae*, is a proper party to seek injunctive relief, but that it could not claim treble damages on behalf of unidentified state subdivisions. *Id.* at 242. We therefore dismissed those federal and state antitrust damages claims that were alleged on behalf of state subdivisions other than the identified Urban Development Corporation, without prejudice to repleading within sixty days.[2] Apart from the issues on which we

---

1. The amended complaint in *State of New York v. Cedar Park, et al.,* 85 Civ. 1887, and the complaint in *State of New York v. Century–Maxim Construction Corp., et al.,* 86 Civ. 8128, ("the

complaints") are identical except for the named defendants and co-conspirators.

2. The State of New York notified the Court and all parties that it would not assert any addition-

now opine, we denied all other motions by the defendants.[3]

Currently before the Court are three issues on which we reserved decision: whether portions of the complaints are barred by the applicable statutes of limitations; whether this Court has jurisdiction to impose civil penalty claims asserted under the Donnelly Act; and whether the State should be compelled to elect between seeking treble damages or civil penalties.

## I. STATUTE OF LIMITATIONS

Section 4B of the Clayton Act provides that "[a]ny action to enforce any cause of action under [the antitrust statutes] shall be forever barred unless commenced within four years after the cause of action accrued." 15 U.S.C. § 15b.[4] Fraudulent concealment of a plaintiff's claims, an equitable doctrine first described in *Bailey v. Glover*, 88 U.S. (21 Wall.) 342, 22 L.Ed. 636 (1874), may be applied to toll the running of the statute of limitations in an antitrust suit if the plaintiff proves

> (1) that the defendant concealed from him the existence of his cause of action, (2) that he remained in ignorance of that cause of action until some point within four years of the commencement of his action, and (3) that his continuing ignorance was not attributable to lack of diligence on his part.

*State of New York v. Hendrickson Brothers, Inc., Amfar Asphalt Corp., et al.*, 840 F.2d 1065, 1083 (2d Cir.1988). *See also City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 461 (2d Cir.1974) (*"Grinnell"*).

The complaints in the instant actions, 85 Civ. 1887 (*Cedar Park*) and 86 Civ. 8128 (*Century Maxim*), were filed on March 20, 1985[5] and on October 22, 1986 respectively, seeking injunctive relief, damages and penalties for actions occurring from 1978 and continuing through the time of the filing. The defendants assert that portions of the plaintiff's damages and penalties claims are barred by the applicable statutes of limitations since the relevant period described in the complaints exceeds the federal four-year statute and the state three-year limit, and that laches bars the equitable claims. Further, the defendants argue, fraudulent concealment cannot be applied in this situation to toll the statutes because the plaintiff has not sufficiently alleged the doctrine's required three elements.

We reserved decision on this argument because it appeared that the critical legal issues were under consideration by the Second Circuit in the appeal from *State of New York v. Amfar Asphalt Corp.*, 1987–1 Trade Cases (CCH) ¶ 67,417 (E.D.N.Y. 1986). In *State of New York v. Hendrickson Brothers, Inc., Amfar Asphalt Corp., et al.* (*"Hendrickson"*), *supra*, the Second Circuit was asked to determine, *inter alia*, whether the defendants were entitled to either a judgment notwithstanding the verdict or to a new trial on the grounds that the State's claims of conspiracy to obtain highway construction contracts and to fix

---

al damage claims. *See* Letters of September 15 and September 22, 1987 from Alice McInerney, Assistant Attorney General.

3. The other allegations by the defendants included: a) that the complaints violate *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 97 S.Ct. 2061, 52 L.Ed.2d 707 (1977), by failing to allege sufficiently that the State or its subdivisions directly purchased products from the defendants; b) that there had been improper use of grand jury material and unlawful disclosures between individuals in the Attorney General's office; c) and that the complaints were either insufficient or required a more definite statement as to G & G Concrete Corporation and the individual defendants. *See generally* 665 F. Supp. 238, 242–48.

4. As we have not yet addressed this Court's jurisdiction to award civil penalties under New York's Donnelly Act, we do not fully discuss the statute of limitations argument under the state antitrust law. We note, however, that N.Y. Gen. Bus. L. § 340(5) has the same four-year statute of limitations as described in 15 U.S.C. § 15b and that N.Y. Gen. Bus. L. § 342–a requires that an "action ... be brought within three years after the commission of the act upon which it is based."

5. The State of New York filed an amended complaint in *Cedar Park* on October 22, 1986, the same day it filed the complaint in *Century Maxim*.

prices were barred by the statute of limitations.

The Second Circuit noted that "the plaintiff may prove the concealment element by showing *either* that the defendant took affirmative steps to prevent the plaintiff's discovery of his claim ... *or* that the wrong itself was of such a nature as to be self-concealing." *Id.* at 1083 (emphasis added). In affirming the judgment below, the Second Circuit found that the record adequately established fraudulent concealment because a bid-rigging conspiracy is inherently self-concealing and because there was sufficient evidence of affirmative acts of concealment. *See id.* at 1083–84.

We note that our determination, unlike that in *Hendrickson*, is in the context of motions to dismiss so that we look only to the allegations contained within the four corners of the complaint. We find, therefore, that the plaintiff State of New York has sufficiently alleged the first prong of fraudulent concealment by alleging a bid-rigging conspiracy. Under *Hendrickson*, to meet this first element, there is no need at this point to look additionally for the pleading of affirmative actions taken by the defendant to prevent the plaintiff's discovery of its claim. *See id.*

The second and third elements of the doctrine relate to whether the plaintiff had sufficient information to commence an action at an earlier point. The defendants claim that the State's assertion of ignorance of the information necessary to bring an action is negated by its formal investigation, commenced in July 1982, and its issuing of subpoenas over four years before bringing suit. Letter of March 17, 1988 from Ronald W. Meister, Esq. at 2 ("Meister Letter"). Therefore, the defendants assert, the four-year statute of limitations bars the federal damages claims against the *Century–Maxim* defendants, and the three-year statute bars the state law civil penalties claims against all the defendants.

The State cites cases related to this litigation to support its contention that it exercised the requisite due diligence by attempting to investigate the industry's practices, but that its efforts were impeded by actions by these defendants and others. *See* Memorandum of Law of the State of New York Concerning the Applicability of *New York v. Hendrickson Bros.* at 7. *See, e.g., Big Apple Concrete Corp. v. Abrams,* 103 A.D.2d 609, 481 N.Y.S.2d 335 (1st Dept. 1984) (Appellate Division reversed the quashing of subpoenas issued pursuant to antitrust investigation of ready-mix concrete industry).

Although the pleading of a defendant's affirmative acts of concealment are not required under *Hendrickson* to meet the first prong of the doctrine in a case of an alleged bid-rigging scheme, such pleading may be necessary to sufficiently allege the second and third elements, *i.e.,* plaintiff's ignorance and due diligence. Paragraphs 45–48 of the complaints describe the State's attempts at due diligence and the defendants' alleged affirmative acts to conceal the wrong. The State pleads that it demonstrated due diligence to discover its already-existing claims by commencing an investigation into the industry on July 27, 1982, and to prevent the future occurrence of fraud in contracts for reinforced concrete construction work by using a "sealed bid system, apprising each bidder of its non-collusion policy and requiring an affirmative non-collusion declaration from each bidder." Complaints ¶ 45. The State alleges further that the defendants violated this system by filing false statements certifying that the bid proposals were determined "without consultation or collusion with any competitor." Complaints ¶ 47(a).

The Second Circuit continues to follow the rule it first adopted in *Grinnell*, 495 F.2d at 461, that the statute of limitations does not begin to run until "the plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should have acquired such knowledge through the exercise of reasonable diligence after being apprised of sufficient facts to put him on notice." *See, e.g., Cerbone v. ILGWU,* 768 F.2d 45, 48 (2d Cir.1985). The defendants urge us to employ the interpretation of some courts, that

"suspicion is equated with actual knowledge," in determining whether the requisite due diligence has been utilized in such situations. Meister Letter at 2, *citing Donahue v. Pendleton Woolen Mills, Inc.*, 633 F. Supp. 1423, 1443 (S.D.N.Y.1986).[6]

For the reasons stated below, we find that the State has not adequately pleaded the second and third prongs of the fraudulent concealment doctrine, *i.e.* plaintiff's ignorance and due diligence. The State has pleaded its ignorance about its claims as follows:

> Despite the exercise of due diligence plaintiff was unaware of, did not discover, and in the exercise of due diligence could not have discovered the facts underlying the claims set forth ... until well after an investigation into the concrete industry ... was commenced by the State of New York on July 27, 1982.

Complaints ¶ 45. The plaintiff has cited its investigation and the measures it adopted to prevent collusive bids to demonstrate its due diligence. *Id.* Although the prevailing law in this circuit under *Grinnell* does not define "actual knowledge" to encompass suspicion, we note that the Second Circuit in *Hendrickson* found no error in the lower court's jury instruction that "the State had not met its burden if it had a suspicion of collusive bidding on a single contract or any other information that should have alerted it to its claim of an overall conspiracy." *Hendrickson*, 840 F.2d at 1085.

We cannot accept the State's general assertions of its ignorance and due diligence without more specific explanation about its delay in bringing suit. Nowhere in either the *Cedar Park* amended complaint or in the *Century Maxim* complaint, both filed in October 1986, does the State assert more specifically when it acquired the "actual knowledge" of its causes of action against either the various defendants individually, or even as between the two sets of defendants. Describing the time of "actual knowledge" as being "well after" the commencement of an investigation is too general to meet the requirements of pleading fraudulent concealment. While the alleged affirmative acts of filing false documents may be some indication of the State's ignorance of its causes of action, we find that they alone do not explain the State's delay in initially filing suit almost three years after starting its investigation. More specific information is required as to the difficulties, if any, with the progression of the investigation to more clearly allege the State's due diligence between 1982 and 1985. Plaintiff's brief citation in its Memorandum of Law to the state court litigation history of this case may be more properly set forth in its complaint. Moreover, plaintiff should allege with more specificity when, despite these obstacles, it acquired "actual knowledge."

Accordingly, we grant the defendants' motions to dismiss the portions of the complaints that seek damages and penalties for claims that arose after the applicable statutes of limitation had run, without prejudice to plaintiff's repleading the fraudulent concealment sections within sixty days.

## II. LACHES

The laches defense requires that the defendant show that the plaintiff was guilty of unreasonable delay with resulting

---

**6.** In noting that "facts that should arouse suspicion ... are equated with actual knowledge of the claim," 633 F. Supp. at 1443, Judge Ward cited *Dayco Corp. v. Goodyear Tire & Rubber Co.*, 523 F.2d 389, 394 (6th Cir.1975). In *Dayco*, a case in which a corporation brought an antitrust action against the competitor to which it had sold one of its divisions, the Sixth Circuit affirmed the district court's finding that the plaintiff's assertions of due diligence were insufficient. The *Dayco* court held that the plaintiff's suspicions should have been aroused by congressional proceedings that had been conducted more than ten years before it brought its suit, "and that its failure to investigate further at that time was not the exercise of due diligence required ... to employ the fraudulent concealment doctrine...." *Dayco*, 523 F.2d at 394.

Similarly, in *Donahue*, where defendant's former employees alleged that the defendant corporation had resumed a resale price maintenance agreement, the court found that the plaintiffs had not adequately alleged fraudulent concealment because "[n]either the complaint nor the proposed amended complaint contain[ed] specific allegations of acts by defendant to conceal the antitrust violation...." *Donahue*, 633 F. Supp. at 1443.

prejudice. *Gardner v. Panama Railroad,* 342 U.S. 29, 31, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951) (per curium); *Russell v. Todd,* 309 U.S. 280, 287, 60 S.Ct. 527, 531, 84 L.Ed. 754 (1940); *Larios v. Victory Carriers, Inc.,* 316 F.2d 63, 66–67 (2d Cir.1963). Although the fraudulent concealment doctrine requires the pleading of specific elements, there is no similar requirement to counter the laches defense against equitable relief. Therefore, we find that, in the context of a motion to dismiss, the State's delay in bringing these suits was not unreasonable in view of its investigation into the industry and of the allegations that the defendants affirmatively acted to conceal their conspiracy by filing false documents. We hereby deny the defendants' motions to dismiss the equitable claims on the grounds of laches.

### III. JURISDICTION UNDER THE DONNELLY ACT AND THE ELECTION BETWEEN REMEDIES

We decline to decide these issues at this point of the litigation in view of our previous finding that the state law claims require no discovery or proceedings which differ from those for the federal claims and in light of our current decision on the statute of limitations issue.

### IV. CONCLUSION

We grant the motions to dismiss, without prejudice to repleading the fraudulent concealment sections, within sixty (60) days, as to those portions of the complaint seeking damages and penalties for claims arising after the applicable statutes of limitations had run. We deny the motions to dismiss the claims for injunctive relief on the grounds of laches. We reserve decision on the Donnelly Act and election of remedies issues as indicated.

SO ORDERED.