47 F.3d 1168
 150 L.R.R.M. (BNA) 2512, 130 Lab.Cas. P 11,361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ananias GUMBUS, JR., et al., Plaintiffs-Appellants, Cross-Appellees,
v.
UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION;
Local Union 242, Defendants-Appellees, Cross-Appellants.
 Nos. 93-5113, 93-5235.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1995.
 
 Before: ENGEL, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Claiming the statute of limitations barring their breach of the duty of fair representation claim should be tolled due to the Unions' misconduct, Ananias Gumbus and two hundred nineteen fellow plaintiffs appeal the district court's decision dismissing their claim on a motion under Fed.R.Civ.P. 12(b)(6). The defendants cross-appeal the part of the district court's decision denying their request for Rule 11 sanctions against plaintiffs' attorney, Asa Hoke.
 
 
 2
 This case arises out of the closing and reopening of a John Morrell & Co. ("Morrell") meatpacking plant in Memphis, Tennessee. Morrell closed its Memphis plant in July 1982 and reopened it in September 1983. Morrell closed another plant in Arkansas City, Kansas in June 1982 and reopened it in March 1983. After reopening both plants, Morrell paid workers significantly less than before the closings and refused to recall former employees. Two groups of former employees then filed hybrid Section 301 claims against the UFCW, the local unions, and Morrell for breach of the duty of fair representation.
 
 
 3
 The first group filed suit in September 1983. In Aguinaga, former employees at Morrell's Arkansas City plant asserted claims against the Unions and Morrell stating that the Unions had breached their duty of fair representation by entering into "secret" agreements with Morrell to undermine plaintiffs' contractual rights. In 1988, the jury's verdict in that case found that the Unions had breached their duty of fair representation to the Aguinaga plaintiffs.
 
 
 4
 In January 1984, a group of one hundred thirty-eight former employees from the Memphis plant (none of whom are plaintiffs here) filed suit under Section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 158, against Morrell and the Unions in a case styled Cummings, et al. v. John Morrell & Co.. The Cummings plaintiffs claimed that the Unions breached their duty of fair representation because they conspired with Morrell to deny the workers their vested rights upon the reopening of the Memphis plant. Asa Hoke, the attorney for plaintiffs in the Cummings case, is also the plaintiffs' attorney. In 1988 and 1989, Asa Hoke negotiated a settlement involving monetary payments for the Cummings plaintiffs; as a consequence, the unfair representation claim against the Unions was dismissed with prejudice on November 23, 1988. According to the eleven affidavits filed by the plaintiffs, at least three plaintiffs were aware that a settlement favorable to the plaintiffs was reached in the Cummings case.
 
 
 5
 In January 1987, the Unions filed a cross-claim in Cummings against Morrell on behalf of all workers in the Memphis plant, seeking lost wages and benefits due to the reopening of the Memphis plant. The Unions also filed an Unfair Labor Practices complaint against Morrell with the National Labor Relations Board on behalf of all Union members, including the plaintiffs here. On August 27, 1991, the NLRB dismissed the complaint as time-barred.
 
 
 6
 On February 24, 1992, Hoke filed the instant case on plaintiffs' behalf, alleging the same facts of collusion and concealment as did the Cummings plaintiffs. Based on facts occurring after Cummings, plaintiffs allege a cover-up by the Unions and a successful attempt by Union officials to fraudulently dissuade plaintiffs from joining the Cummings suit. In their complaint and affidavits, plaintiffs describe the actions constituting the basis for their breach of the duty of fair representation claim and how they repeatedly asked union officials about the Unions' actions concerning their rights. The complaint and affidavits also give facts showing that the union officials repeatedly assured them that the Unions were pursuing legal action on their behalf. What the complaint and the affidavits do not give are facts showing what steps plaintiffs took to discover the basis for their breach of the duty of fair representation claim.
 
 
 7
 In dismissing this case, the district court held that plaintiffs failed to state a claim for which relief could be granted because they failed to file their claim within six months of the 1982-83 events from which plaintiffs' claim arose. Adkins v. International Union of Elec., Radio & Mach. Workers, 769 F.2d 330, 335 (6th Cir.1985). Further, the district court held that the statute of limitations was not equitably tolled because plaintiffs failed to show, as a matter of law, that they exercised due diligence to discover the basis for their claim. The district court also denied the defendants' request for Rule 11 sanctions. For the reasons stated below, we affirm the district court's judgment.
 
 
 8
 A threshold issue in this case is whether the defendants' motion was properly decided under Rule 12(b)(6) or as one for summary judgment. Plaintiffs argue that by attaching eleven affidavits to their Response, they have brought up "matters outside the pleading" and therefore the district court should have treated the 12(b)(6) motion as a summary judgment motion. The district court did not address this issue and did not discuss the affidavits. The district court decided the legal issues as if it were a straight-forward 12(b)(6) motion. We believe the district court was correct in deciding this case pursuant to Rule 12(b)(6) because the affidavits did not present the district court with "matters outside the pleading." See Friedman v. United States, 927 F.2d 259, 261 (6th Cir.1991) (district court took judicial notice of an unpublished Sixth Circuit opinion). The affidavits here simply reiterate what the plaintiffs already alleged in the complaint; namely, that the plaintiffs in this action, time and again, had confronted the Unions with questions concerning whether or not their rights were being protected, and that the Unions repeatedly and consistently assured the plaintiffs that they were protecting the plaintiffs' rights. The affidavits only provide evidence of matters already asserted in the complaint.
 
 
 9
 The central issue in this case is whether the six-month statute of limitations period was equitably tolled because of the Unions' fraudulent concealment. Whether a statute of limitations was equitably tolled is a question of law for a court to decide. Holmberg v. Armbrecht, 327 U.S. 392, 396-97 (1946). For tolling to be found, the plaintiffs must plead with particularity all the facts surrounding the fraudulent concealment of their claim. As we have said before, plaintiffs must plead facts showing: 1) defendants' wrongful concealment of their actions, 2) failure of the plaintiffs to discover the operative facts that are the basis of his cause of action within the limitations period, and 3) plaintiffs' due diligence until discovery of the facts. See Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389 (6th Cir.1975). It is important to note that all facts must be pleaded with particularity, including plaintiffs' due diligence. Id.; see also Fed.R.Civ.P. 9(b). The plaintiff has the burden of establishing each element of equitable tolling based on fraudulent concealment. Pinney Dock & Transp. Corp. v. Penn Central Corp., 838 F.2d 1445, 1465 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 10
 Whether plaintiffs have met their burden to show that they exercised due diligence is judged by an objective standard. In Campbell v. Upjohn Co., 676 F.2d 1122, 1128 (6th Cir.1982) we said:
 
 
 11
 Actions such as would deceive a reasonably diligent plaintiff will toll the statute; but those plaintiffs who delay unreasonably in investigating circumstances that should put them on notice will be foreclosed from filing, once the statute has run.
 
 
 12
 Further, "Any fact that should excite [the plaintiffs'] suspicion is the same as actual knowledge of his claim." Dayco, 523 F.2d at 394 (citing Wood v. Carpenter, 101 U.S. 135 (1879)).
 
 
 13
 In their complaint, plaintiffs claim that the Unions breached their duty of fair representation. Plaintiffs base their claim on the fact that the Unions: failed to file or pursue grievances; failed to file a legal suit; acted in collusion with Morrell to plaintiffs' detriment by negotiating side agreements which injured plaintiffs; acted arbitrarily and in bad faith; and, acted with reckless disregard for employees' rights.
 
 
 14
 The issue argued by the parties was whether the plaintiffs should have known about the above-mentioned facts underlying their claim at a point in time earlier than August 27, 1991, when plaintiffs claim they first realized the Unions had not timely filed a claim to protect their rights. The issue here, then, is at what point in time should reasonably diligent plaintiffs have discovered this.
 
 
 15
 For purposes of our review, we must accept as true the plaintiffs' allegations that the Union lied and took actions to deceive them in order prevent their filing suit in a timely manner. However, to overcome a 12(b)(6) motion, the plaintiffs must still plead facts showing that they exercised due diligence. Plaintiffs' bare allegation to this effect is not enough. Dayco, 523 F.2d at 389. We believe that a reasonably diligent plaintiff should have known about and monitored the progress of the Cummings case, in which their former co-workers raised similar claims against the Unions, particularly its settlement. Such facts should have "excited their suspicion" that the Union had breached its duty of fair representation to them because this was the precise claim for which the Cummings plaintiffs sought compensation.
 
 
 16
 Other facts that should have excited the suspicions of the plaintiffs here include the fact that the Unions did not take their first action on the plaintiffs' behalf until 1987 when they filed a cross-claim against Morrell in the Cummings case. Also in 1987, the Unions filed an unfair labor practices charge with the National Labor Relations Board. In 1988, a jury found that the Union had breached its duty of fair representation to the Kansas workers in Aguinaga.
 
 
 17
 Plaintiffs wrongly believe that continually asking the Unions what actions they've taken, and then relying on the Unions' assurances, constitutes "due diligence." We, however, have held that relying on assurances from a union or company official is not sufficient to meet the burden of due diligence. See Campbell, 676 F.2d at 1128 (plaintiff relied on the assurances of company officials and shareholder that a payment to him was forthcoming); Jones v. General Motors Corp., 939 F.2d 380, 385 (6th Cir.1991).
 
 
 18
 We believe, therefore, that by at least June 1988, a sufficiently diligent plaintiff would have discovered the basis for a breach of the duty of fair representation claim against the Union. The plaintiffs' 1992 filing was, therefore, more than six months after the time when a sufficiently diligent plaintiff would have discovered the Unions' misconduct.
 
 
 19
 Turning to the sanctions issue, we review a district court's decision to deny Rule 11 sanctions for abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990). The test for whether an attorney should be sanctioned is whether his or her conduct was "reasonable under the circumstances." McGhee v. Sanilac County, 934 F.2d 89, 94 (6th Cir.1991); Mann v. G. & G. Mfg., Inc., 900 F.2d 953, 958 (6th Cir.), cert. denied, 498 U.S. 959 (1990). Though the district court discussed whether Mr. Hoke's actions were those of a competent attorney, the district court stated the correct test for Rule 11 sanctions pursuant to the McGhee case, and then concluded that the claim was not filed for "an improper purpose, nor was the filing of the suit unreasonable under the circumstances." While this Court may have reached a different conclusion than did the district court after hearing the facts, we believe the district court did not abuse its discretion in denying sanctions.
 
 
 20
 For the above reasons, the decision of the district court is AFFIRMED.