85 F.3d 628
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carl Robert CHRISTY, Plaintiff-Appellant,
Patrick Andres, Plaintiff,
v.
John MAGUNSON, et al.; James L. McCrystal, Judge; Howard
Allison, Defendants-Appellees.
 No. 95-3930.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1996.
 
 1
 Before: NELSON and MOORE, Circuit Judges; CLELAND, District Judge.*
 
 ORDER
 
 2
 Carl Robert Christy, proceeding pro se, appeals three district court orders granting the defendants' motions to dismiss, or for summary judgment, in this civil action brought under the Racketeer Influenced and Corrupt Organizations Act (RICO). 18 U.S.C. §§ 1961-1968. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory relief and monetary damages, Christy and another plaintiff, Patrick Andres, sued Erie County, Ohio, and several of its officials; Perkins Township (Ohio) and several of its officials; a common pleas judge in Erie County; and a business competitor, defendant Allison, in their individual and official capacities. Christy and Andres alleged that these defendants improperly forced them out of their fireworks business and, thereafter, assisted defendant Allison in reestablishing an identical fireworks business in the same location, in violation of the RICO statute, and in violation of their constitutional rights. In three separate orders, the district court granted the defendants' various motions to dismiss. Christy then filed a timely appeal from these orders. Only Christy is an appellant in the matter now before this court. Fed.R.Civ.P. 3(c); Torres v. Oakland Scavenger Co., 487 U.S. 312, 317-18 (1988).
 
 
 4
 Christy has abandoned certain claims that he originally brought under various criminal statutes and under 42 U.S.C. § 1983. Therefore, these claims will not be considered by this court on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 The district court properly granted defendant McCrystal's motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Whether the district court correctly dismissed this suit against McCrystal pursuant to Rule 12(b)(6) is a question of law subject to de novo review. LRL Properties v. Portage Metro Hous. Auth., 55 F.3d 1097, 1103 (6th Cir.1995). The court must construe the complaint in a light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. LRL Properties, 55 F.3d at 1100-01.
 
 
 6
 The district court properly found that, because the acts alleged were clearly taken within Judge McCrystal's judicial capacity, McCrystal is entitled to absolute immunity from the damages portion of the action. Mireles v. Waco, 502 U.S. 9, 9-10 (1991) (per curiam). Moreover, Christy failed to state, with the requisite specificity, any "predicate act" or "pattern" that could form the basis for a valid RICO claim against this defendant. 18 U.S.C. § 1962(a)-(c); H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 237-39 (1989).
 
 
 7
 The district court also properly granted the Erie County defendants' motion to dismiss pursuant to Rule 12(b)(6). Christy's allegations may not establish a claim under RICO, because he filed his complaint beyond the four-year statute of limitations applicable to RICO violations. See Agency Holding Corp. v. Malley-Duff & Assocs., Inc., 483 U.S. 143, 156 (1987). Moreover, this period may not be tolled, because Christy had not shown that the defendants engaged in the fraudulent concealment of evidence that may have supported Christy's RICO claims. See Pinney Dock & Transp. Co. v. Penn Cent. Corp., 838 F.2d 1445, 1465 (6th Cir.), cert. denied, 488 U.S. 880 (1988); Dayco Corp. v. Goodyear Tire & Rubber Co., 523 F.2d 389, 394 (6th Cir.1975).
 
 
 8
 The district court also appropriately granted summary judgment in favor of the remaining defendants. This court reviews a judgment granting summary judgment de novo. Moore v. Philip Morris Cos., 8 F.3d 335, 339 (6th Cir.1993); Deaton v. Montgomery County, 989 F.2d 885, 887 (6th Cir.1993). Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993). As stated above, Christy did not file this action until well beyond the expiration of the four-year statute of limitations. See Agency Holding Corp., 483 U.S. at 156.
 
 
 9
 Accordingly, the district court's orders granting the defendants' motions to dismiss, or for summary judgment, are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation