BETHLEHEM STEEL CORPORATION

v.

FISCHBACH AND MOORE, INC.

Civ. A. No. 86–794.

United States District Court,
E.D. Pennsylvania.

July 14, 1986.

Richard P. McElroy, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., John B. Williams, Collier, Shannon, Rill & Scott, Washington, D.C., for plaintiffs; Curtis H.

272

Barnette, William H. Graham, Meredith Hemphill, Jr., Bethlehem Steel Corp., Bethlehem, Pa., of counsel.

Charles Scarlata, Pittsburgh, Pa., for Tri-City Elec.

Gordon B. Spivack, Stephen Hogan, Carolyn T. Ellis, Lord, Day & Lord, New York City, Patrick W. Kittredge, Kevin R. McNulty, Kittredge, Kaufman & Donley, Philadelphia, Pa., for Fischbach and Moore, Inc., and Fischbach and Moore Elec. Contracting, Inc.

Paul M. Puskar, Pittsburgh, Pa., for Sargent Elec. Co.

Wilson M. Brown, III, Philadelphia, Pa., for Lord Elec.

James P. Ulwick, Baltimore, Md., for Riggs Distler.

## MEMORANDUM OPINION AND ORDER

HUYETT, District Judge.

This civil action arises out of an alleged bid rigging scheme by defendant contractors in connection with bids submitted for electrical construction work to be performed at Bethlehem Steel Corporation's ("Bethlehem") plants in Steelton, Pennsylvania; Johnstown, Pennsylvania; Bethlehem, Pennsylvania; Burns Harbor, Indiana; Sparrows Point, Maryland; and Lackawanna, New York. Bethlehem alleges that starting in the 1960s and continuing indefinitely, defendants engaged in a combination or conspiracy in violation of section 1 of the Sherman Act. Presently pending before me are defendants' motions to dismiss on the grounds that plaintiff's claim is barred by the statute of limitations. For the reasons outlined below, I shall deny these motions.

Section 4B of the Clayton Act provides that a private damages action arising under the antitrust laws must be "commenced within four years of the date the cause of action accrued" or it "shall be forever barred." 15 U.S.C. § 15b. Plaintiff has alleged no violations which occurred within four years of the date on which plaintiff filed this action. Therefore, unless one of the exceptions to the statute of limitations applies, plaintiff's action must be dismissed as untimely.

Plaintiff has relied on two distinct exceptions in support of its contention that this action is timely. First, plaintiff has alleged that defendants fraudulently concealed the bid-rigging scheme from plaintiff thereby preventing plaintiff from learning of the scheme and instituting the present action. Plaintiff further contends that the statute of limitations was tolled by the pendency of the government proceeding in the Western District of Pennsylvania. 15 U.S.C. § 16(i). Defendants contend that under the circumstances of this case, plaintiff's reliance on these theories is misplaced.

In deciding a motion to dismiss, I must accept as true all factual allegations made in the complaint and must resolve all reasonable inferences to be drawn from those allegations in the light most favorable to plaintiff. Dismissal is appropriate only when it appears beyond a doubt that plaintiff can prove no set of facts in support of this claim which would entitled him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

*Fraudulent Concealment*

In paragraph 25 of the complaint, plaintiff alleges that defendants fraudulently concealed the alleged conspiracy. Plaintiffs have alleged seven separate bases for fraudulent conspiracy all but one of which overlap with the factual basis for the alleged conspiracy itself. The allegations are as follows:

25. Plaintiff was prevented from discovering, and could not in the exercise of due diligence have discovered, the aforesaid combination, conspiracy, acts, and practices due to defendants' and their co-conspirators' fraudulent concealment thereof by, upon information and belief, the following actions:

a. Defendants and their co-conspirators falsely and fraudulently represented that the bids and other price quotations and terms submitted to plaintiff for electrical construction

projects were honest, independent, and competitive bids, quotations, and terms when in fact such bids, quotations, and terms were sham and noncompetitive as a result of defendants' and their co-conspirators' aforementioned bid-rigging activities.

b. Defendants and their co-conspirators swore new recruits to secrecy and held meetings and deliberations in secret to prevent plaintiff from discovering the existence of the conspiracy.

c. To induce plaintiff into believing that sham bids were *bona fide,* defendants and their co-conspirators, in preparing sham bids, often asked plaintiff for clarification and supplementation of plaintiff's bid specifications.

d. Knowing that bids were sham and noncompetitive, defendants and their co-conspirators nonetheless communicated and caused communication with plaintiff subsequent to the submission of such sham bids and made inquiries of, and caused inquiries to be made to, plaintiff with respect to plaintiff's consideration of the sham bid.

e. Defendants and their co-conspirators often arranged for bids to appear comparable and close to induce plaintiff into believing that the bids were *bona fide* and competitive when in fact they were sham and noncompetitive.

f. Defendants' and their coconspirators' sham and noncompetitive bids contained extensive information which purported to respond fully to plaintiff's bid specifications. The detailed nature of defendants' and their co-conspirators' sham, noncompetitive bids was calculated to induce plaintiff into believing that such bids were *bona fide.*

g. Defendants and their co-conspirators actively concealed the conspiracy from Bethlehem and others by, *inter alia,* destroying and altering their records to prevent Bethlehem and certain of defendants' own employees from discovering the existence of the conspiracy.

Defendants contend that these allegations are insufficient to state the defense of fraudulent concealment. According to defendants, to establish fraudulent concealment plaintiff must allege and prove affirmative acts by defendants which would lead a reasonable person to believe that he did not have a claim for relief. Acts which are simply in furtherance of the underlying conspiracy and which are not independent of that conspiracy cannot support a claim of fraudulent concealment.

■ It is generally accepted that the three elements which must be alleged to establish fraudulent concealment are (1) wrongful concealment of its actions by defendant; (2) failure of the plaintiff to discover the operative facts or the basis of his cause of action within the limitations periods; and (3) plaintiff's due diligence until discovery of the facts. *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389 (6th Cir.1975). Moreover, plaintiff's allegations must be sufficiently specific to satisfy the requirements of Fed.R.Civ.P. 9(b). The first issue raised by defendants' motions is what is necessary to allege wrongful concealment.

Defendants rely heavily on the court's decision in *Commonwealth of Pennsylvania v. Lake Asphalt and Petroleum Co. of Pennsylvania,* 610 F.Supp. 885 (W.D.Pa. 1985) in which the court held that fraudulent concealment, which would toll the statute of limitations under the Clayton Act, consists only of affirmative acts independent of the underlying conspiracy. In *Lake Asphalt,* plaintiff alleged that the defendants had conspired to submit collusive, non-competitive bids in support of a scheme to allocate among the defendants the sale of bituminous emulsion to the Commonwealth. In its complaint, plaintiff had alleged that defendants had fraudulently concealed their activity by certifying that the bids were independent and non-collusive, by submitting complementary bids, by making meetings and phone calls prior to bid letting to divide the supply of bituminous emulsion to the Commonwealth, and by making subsequent phone calls to fur-

ther the allocation process. The court concluded that those activities were not independent of the underlying conspiracy and therefore did not support a claim for fraudulent concealment. Mere silence or nondisclosure, even by corporate officials, was not enough to state a claim of fraudulent concealment. *Id.* at 889.

■ Bethlehem contends, however, that a self-concealing conspiracy negates the need for allegations of affirmative conduct independent of the conspiracy. The issue here is therefore whether a conspiracy which by its nature is self-concealing can serve as a substitute for affirmative conduct by the defendants in satisfying the requirement of wrongful concealment. Addressing precisely this issue, the court in *F. Buddie Contracting, Inc. v. Seawright,* 595 F.Supp. 422 (N.D.Ohio 1984), held that a self-concealing conspiracy will suffice to meet the requirement of wrongful concealment. The court concluded that a self-concealing conspiracy is the logical equivalent of affirmative acts which conceal a plaintiff's claim; in both instances, the plaintiff lacks the opportunity to bring the claim because of its inability to discover it. I agree with the conclusions reached by the *Buddie* court. I can see no reason to distinguish between situations where a conspiracy is self-concealing and where plaintiff alleges affirmative conduct by the defendant to conceal wrongdoing.

The equitable tolling doctrine was first enunciated in *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 349, 22 L.Ed. 636 (1874), in which the Court held "that by concealing a fraud, or by committing a fraud in a manner that it concealed itself until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which is designed to prevent fraud the means by which it is made successful and secure." *Bailey,* therefore, established the concealment and diligence elements of the present day doctrine of fraudulent concealment and suggested that self-concealing frauds could satisfy the concealment aspect of the doctrine. The Court further held that "when

there has been no negligence or laches on the part of a plaintiff in coming to the knowledge of a fraud which is the foundation of the suit, and when the fraud has been concealed, or is of such character as to conceal itself, the statute does not begin to run until the fraud is discovered by, or becomes known to, the parties suing, or those in privity with him." *Id.* 349–50.

The *Bailey* court was clearly concerned that a party, who remains in ignorance of an injury through no fault or want of diligence of its own and because of the conduct of the offending party, not be barred from filing suit to remedy the injury. The same concern supports plaintiff's contention that a self-concealing conspiracy tolls the statute of limitations until such time as the plaintiff, through the exercise of diligence, becomes aware of the conspiracy. If the conspiracy conceals itself, it would be anomalous to require plaintiff to allege affirmative acts by defendants to conceal the conspiracy because such acts would be unnecessary and therefore never performed. As the *Buddie* court aptly concluded, defendants would be rewarded for engaging in a successful conspiracy; because no affirmative acts independent of the conspiracy would be necessary to maintain concealment, plaintiffs would never be able to pursue an action for the conspiratorial conduct.

■ I note, however, that there is an important distinction between tolling the statute of limitations because of the failure to discover and tolling the limitation period because the parties who engaged in unlawful conduct are successful. The former clearly does not constitute fraudulent concealment; the mere failure by defendant to disclose to a plaintiff the existence of facts does not establish the defense. Therefore, I agree with the conclusion in *State of Colorado v. Western Paving Construction Co.,* 630 F.Supp. 206, 209 (D.Colo.1986), that due diligence is not sufficient to establish the defense of fraudulent concealment. However, the essence of my holding here is that defendants may wrongfully or fraudulently conceal their conduct either through

affirmative acts or by successfully executing a conspiracy which by its very nature is self-concealing.

There is support for this conclusion in several cases upon which defendants and the *Lake Asphalt* court rely for the opposite conclusion. In *In Re Fertilizer Antitrust Litigation*, 1979–2 Trade Cases (CCH) § 62,894 (E.D.Wash.1979), the court, concluding that it was proper to dismiss those claims antedating the four year period prior to the filing of plaintiffs complaint, rejected plaintiff's contention that there was fraudulent concealment based on conduct that was self-concealing. Plaintiffs' allegations as to self-concealment were conclusory and therefore defective under Fed. R.Civ.P. 9(b). The court, however, implicitly recognized that self-concealing conduct could satisfy the wrongful concealment aspect of the doctrine.

In *King & King Enterprises v. Champlin Petroleum Co.*, 657 F.2d 1147, 1154 (10th Cir.1981), the court cited with approval language from *Ashland Oil Co. of California v. Union Oil Co. of California*, 567 F.2d 984 (T.E.C.A.1977), *cert. denied*, 435 U.S. 994, 98 S.Ct. 1644, 56 L.Ed.2d 83 (1978), to the effect that a statute of limitations is tolled when acts causing injury are fraudulently concealed or where the acts are of a nature to conceal themselves. In *King*, however, the plaintiff had alleged acts of fraudulent concealment rather than a self-concealing fraud; the court only considered the standard of proof for acts of concealment.

Finally, debate in the House of Representatives prior to the enactment of § 4B of the Clayton Act clearly reflects the intention of Congress that a self-concealing conspiracy would satisfy the wrongful concealment element of the doctrine of fraudulent concealment.

Mr. Patman: Does the 4 years apply to conspiracy cases? Suppose there is a conspiracy, and it is 10 years before the conspiracy is know.

Mr. Celler: In the case of conspiracy or fraud, the statute only runs from the time of discovery.

Mr. Patman: From the time of discovery?

Mr. Celler: In conspiracy cases and cases of fraud.

101 Cong.Rec. 5129 (1955). In cases of conspiracy, like fraud, the statute of limitations was only to run from the time of discovery.

■ Therefore, because I conclude that a self-concealing conspiracy may satisfy the wrongful concealment element of the fraudulent concealment doctrine and because plaintiff has raised a genuine issue of fact as to the existence of the conspiracy, which if established would be a type likely to be self-concealing, defendants' motion to dismiss on this issue must be denied. I need not reach the issue of plaintiff's reliance on 15 U.S.C. § 16(i).

### Due Diligence

■ Bethlehem must also allege and prove that it exercised due diligence in investigating the facts giving rise to its claim. In its complaint, at paragraph 26, Bethlehem alleges that it "has acted with due diligence in discovering the operation of the combination and conspiracy." Bethlehem further alleges that it was not until the criminal proceedings in *United States v. Fishbach and Moore*, 576 F.Supp. 1384 (W.D.Pa.1984), that plaintiff learned that defendants were engaging in bid rigging. These allegations are sufficient to withstand a motion to dismiss. Whether a party has exercised due diligence is a factual issue which cannot be decided on a motion to dismiss unless it appears beyond doubt that plaintiff can prove no facts to support the claim.

### Count Two—Fraud

■ Fed.R.Civ.P. 9(b) provides that in stating a claim for fraud, the circumstances constituting the fraud or mistake shall be stated with particularity. Defendants contend that count two of plaintiff's complaint fails to satisfy the specificity requirement of this rule. Defendants contend that plaintiff should have been able to allege the details of the bids and the state-

ments that were made by each defendant in connection to these bids, and plaintiff's failure to be more specific on these points constitutes a violation of Rule 9(b). Rule 9(b) however does not require the pleading of detailed evidentiary material, and the rule must be read in conjunction with Rule 8 which requires that each averment be simple, concise and direct. Although I would agree that plaintiff's allegations could have been more complete, I am satisfied that plaintiff has satisfied the dictates of Rule 9(b). Plaintiff has alleged the general time frame, the fraudulent conduct, i.e. the bid-rigging, its reliance on the conduct, and the alleged damage. The purpose of the specificity requirement of Rule 9(b) is to protect the reputation of innocent parties from baseless allegations of fraud and to permit a party charged with fraud to respond to the allegations. I am satisfied that plaintiff's allegations are sufficient to protect defendants on both of these grounds.

An appropriate order follows.

### ORDER

NOW, July 14, 1986, upon consideration of defendants' motions to dismiss, plaintiff's response, comments made by counsel for the parties in court on May 30, 1986, and for the reasons stated in the accompanying memorandum, IT IS ORDERED that defendants' motions to dismiss are DENIED.