DRY CLEANING & LAUNDRY INSTITUTE OF DETROIT, INC., a Michigan non-profit corporation; Walker Management Company Inc., a Michigan corporation; F.C.II, Inc., a Michigan corporation d/b/a Arnold Cleaners; Kyu Chung Cho, a sole proprietor d/b/a Magic 49 Minute Cleaners; Bel–Aire Dry Cleaners, Inc., a Michigan corporation; Harrison Cleaners & Laundry, Inc., a Michigan Corporation; Fabricare Cen-

ter Corporation, a Michigan corporation; Leo Lemieux, a sole proprietor d/b/a Leo's Colonial Village, Yeong P. Hong, a sole proprietor d/b/a Deluxe Dry Cleaners, and Kyu Hwa Cho, a sole proprietor d/b/a Quality 40 Minute Cleaners, on behalf of themselves and as representatives of a class of Plaintiffs who are similarly situated, Plaintiffs,

v.

FLOM'S CORP., a Michigan corporation; George Tarnoff, an individual; J. Levin Sons Co., a Michigan corporation; Bernard M. Levin, an individual; and Arnold A. Levin, an individual, Defendants.

No. 91–CV–76072–DT.

United States District Court, E.D. Michigan, S.D.

Oct. 18, 1993.

Gregory Curtner, Larry Saylor, Mark T. Boonstra and Jeffrey S. Starman, Detroit, MI, for plaintiffs.

David A. Ettinger, Howard B. Iwrey, Detroit, MI, for defendants Levin.

Irwin Alterman, Troy, MI, for defendants Flom and Tarnoff.

Jay Tower, Southfield, MI, for defendant Flom.

## OPINION

DUGGAN, District Judge.

The case at bar is a civil action brought under the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.*, by plaintiffs, various Michigan dry cleaners and a trade association, against defendants, dry cleaning and laundry supply companies and their principals. Plaintiffs in the instant action seek to recover civil damages for the injury they allegedly suffered as a result of defendants' price-fixing. Currently before this Court are plaintiffs' motion for partial summary judgment and defendants' motion for summary judgment. The parties have submitted extensive briefs and other documentation in support of their respective positions to these motions.[1] Oral argument was held on October 14, 1993.

## BACKGROUND

Prior to the commencement of the instant action, a separate criminal antitrust action was brought against defendants in relation to their agreement to fix prices on dry cleaning and laundry supplies in the Michigan market. In September 1991 defendants agreed to enter into plea agreements and pleaded guilty to a one count criminal antitrust indictment that had been lodged against them on November 1 and 5, 1991.[2] Specifically, defendants admitted participation in a conspiracy to fix, raise, and maintain the prices of dry cleaning and laundry supplies in the State of Michigan in violation of 15 U.S.C. § 1. Final judgments were entered pursuant to the plea agreements on May 8, 1992.

Plaintiffs filed the instant civil antitrust action on November 15, 1991. Plaintiffs contend that because defendants pleaded guilty and judgments were entered against them in the Criminal Action, defendants are now collaterally estopped in this case from contesting their civil liability in this civil price-fixing action.[3]

## DISCUSSION

■ To warrant summary judgment under Fed.R.Civ.P. 56, the moving party must show that "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allega-

1. In connection with these motions, this Court has reviewed the entire mass of exhibits which have been appendicized by the parties.

2. *See United States v. J. Levin Sons Co., Bernard M. Levin & Arnold A. Levin,* Case No. 91–80973 and *United States v. Flom's Corp & George Tar-* noff, Case No. 91–80974 (hereinafter "Criminal Action").

3. In their motion, plaintiffs seek partial summary judgment on the issue of liability only.

tions; *significant probative evidence must be presented to support the complaint."* *Goins v. Clorox Co.,* 926 F.2d 559, 561 (6th Cir. 1991) (emphasis added). However, in determining whether there are issues of fact requiring a trial, "the inferences to be drawn from the underlying facts contained in the [affidavits, attached exhibits and depositions] must be viewed in the light most favorable to the party opposing the motion." *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

■ For the reasons set forth on the record at the hearing conducted on October 14, 1993, plaintiffs' motion for partial summary judgment shall be denied. This Court is satisfied, based on the evidence presented to date and the stipulations entered into on the record on October 14, 1993, that these defendants actually engaged in price-fixing. In this Court's opinion, however, there is an issue of fact as to the extent of the price-fixing and the effect on plaintiffs as a result of such price-fixing. Defendants have acknowledged that they engaged in price-fixing with respect to the three relevant product groups.[4] Defendants do not admit, however, that price-fixing as to these product groups took place in all cases and for all products within the groups. Furthermore, plaintiffs in their brief in opposition to defendants' motion for summary judgment stated "There is a genuine issue of material fact as to whether defendants' conspiracy resulted in

---

4. Plaintiffs acknowledged during the hearing on October 14, 1993, that they are limiting their claims for relief in this case to price-fixing of three product groups: perchloroethylene ("perc"), polyethylene bags, and hangers.

5. Likewise, defendants motion for summary judgment on this issue is denied.

6. The Supreme Court stated that:
 a jury may make a just and reasonable estimate of the damage based on relevant data, and render its verdict accordingly. In such circumstances, 'juries are allowed to act upon probable and inferential, as well as direct and positive proof.... Any other rule would enable the wrongdoer to profit by his wrongdoing at the expense of the victim. It would be

overcharges to the plaintiffs...." (Brief at 8.)

For these reasons, plaintiffs' motion for partial summary judgment shall be denied.[5]

### DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF INJURY/DAMAGES

■ A review of the pleadings, affidavits, depositions, exhibits, and other documents filed in support of and in opposition to defendants' motion for summary judgment on the issue of injury/damages persuades this Court that a genuine issue of material facts exists. This Court rejects defendants' arguments that plaintiffs' proofs on the issues of antitrust injury or damages are based on "speculation." The fact that plaintiffs' may have some difficulty proving certain damages should not preclude plaintiffs from the opportunity to introduce evidence in support of their claim for damages. Although proof of the amount of damage may be somewhat uncertain, plaintiffs are not precluded from recovery unless the amount of damage is totally speculative. *Bigelow v. RKO Radio Pictures, Inc.,* 327 U.S. 251, 264–65, 66 S.Ct. 574, 580, 90 L.Ed. 652 (1946).[6] Furthermore, even if plaintiff has insufficient proof of amount of damages, the proof of violation and fact of damage is a sufficient basis for an award of nominal damages. *Sciambra v. Graham News,* 892 F.2d 411, 415 (5th Cir. 1990); *U.S. Football League v. Nat'l Football League,* 842 F.2d 1335, 1376–70 (2d Cir.1988).

■ It is inappropriate for this Court to consider the adequacy of plaintiffs' evidence

---

an inducement to make wrongdoing so effective and complete in every case as to preclude any recovery, by rendering the measure of damages uncertain. Failure to apply it would mean that the more grievous the wrong done, the less likelihood there would be of recovery ... The most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created.
*Id.; J. Truett Payne Co. v. Chrysler Motors Corp.,* 451 U.S. 557, 565–68, 101 S.Ct. 1923, 1929–30, 68 L.Ed.2d 442 (1981) ("it does not 'come with good grace' for the wrongdoer to insist upon specific and certain proof of the injury which it has itself inflicted.")

with respect to damages before a determination as to antitrust impact is made.[7] Nevertheless, it is clear that plaintiffs possess at least some of their business records for the relevant period. Even if plaintiffs will be unable to prove the exact amount of damages at trial, they may possess sufficient records to support an award for damages, provided that plaintiffs are able to establish antitrust liability. As stated earlier in this Opinion, this is a question for the jury. *Anderson, supra,* 477 U.S. at 255, 106 S.Ct. at 2513. Accordingly, summary judgment is not warranted by the facts as they presently exist.

### DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON STATUTE OF LIMITATIONS

Defendants also move for partial summary judgment based on the four year statute of limitations under the Clayton Act. 15 U.S.C. § 15(b). Defendants urge that because the action was filed on November 15, 1991, the statute of limitations operates to preclude plaintiffs from asserting claims based on defendants' conduct prior to November 1987. Plaintiffs contend that the statute of limitations is tolled because defendants fraudulently concealed the conspiracy to price-fix. 15 U.S.C. § 15(b). Defendants argue that plaintiffs have failed to prove the elements necessary to invoke fraudulent concealment, and therefore, plaintiffs' claims are partially time-barred.

In order to assert claims arising prior to the four year limit, plaintiff must show fraudulent concealment. Three elements must be established by plaintiffs alleging fraudulent concealment:

(1) defendants' wrongful concealment of their actions; (2) plaintiff's failure to dis-cover the operative facts that are the basis of his cause of action within the limitations period; and (3) plaintiff's due diligence until discovery of the facts. *Pinney Dock & Transport Co. v. Penn Cent. Corp.,* 838 F.2d 1445, 1465 (6th Cir.), *cert. denied,* 488 U.S. 880, 109 S.Ct. 196, 102 L.Ed.2d 166 (1988); *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 394 (6th Cir.1975). This requires individualized proof for each plaintiff, as to the state of mind of each plaintiff, the ability of each plaintiff to uncover the fraud and the extent of plaintiff's efforts to do so. *Krehl v. Baskin–Robbins Ice Cream Co.,* 78 F.R.D. 108, 124 (C.D.Cal.1978). Plaintiff bears the ultimate burden of proving each of *Dayco's* three elements by a preponderance of the evidence. *Pinney Dock, supra; In re Beef Indust. Antitrust Litigation,* 600 F.2d 1148, 1171 (5th Cir.1979). Nevertheless, on the present Rule 56 motion for summary judgment, defendants bear the burden of clearly establishing "that there is no genuine issue as to any material fact and that they are entitled to judgment as a matter of law." *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Pinney Dock,* 838 F.2d at 1465. "[W]here there is a dispute as to the issue of fraudulent concealment, the question is one for the jury." *King & King Enterprises v. Champlin Petroleum Co.,* 657 F.2d 1147, 1156 (10th Cir.1981), *cert. denied,* 454 U.S. 1164, 102 S.Ct. 1038, 71 L.Ed.2d 320 (1982).

If the plaintiff is to prevail on defendants' summary judgment motion on this issue, the court must determine that on each of the three elements, the record discloses a genuine issue of material fact. *Pinney, supra,* 838 F.2d at 1465.[8]

---

**7.** When there is uncertainty as to the extent of damage, but not the fact of damage, the rule that precludes recovery of uncertain damages applies only to the damages that are not the certain result of the wrong, not to those damages which are definitely attributable to the wrong and only uncertain with respect to the amount. As long as damage is certain, the fact that the amount of damage is uncertain does not prevent recovery. See *e.g. J. Truett Payne Co.,* 451 U.S. 557, 568 & n. 5, 101 S.Ct. 1923, 1930 & n. 5.

**8.** In *Ott v. Midland–Ross Corp.,* 600 F.2d 24, 28, n. 3 (6th Cir.1979), the court observed:

The question of whether, under summary judgment procedures, a material dispute of fact exists is not dependent solely upon whether the evidence itself is undisputed, but rather whether the evidence and all reasonable inferences therefrom are likewise disputed. If they are and no reasonable person could construe the evidence and its inferences in other than a single fashion, it is appropriate to render judgment if the application of the law to those facts leads to but a single result.

The first element that must be established by a plaintiff in an antitrust action is "wrongful concealment of their actions by defendants." *Dayco, supra* at 394. The parties disagree as to the standard to be applied in determining whether there has been "wrongful concealment." Defendants argue that plaintiffs must prove an affirmative act of concealment under *Pinney Dock*, 838 F.2d at 1472, and have failed to do so. Plaintiffs contend that price-fixing conspiracies are inherently self-concealing, and thus no other additional affirmative acts of concealment must be shown.

▉ Courts dispense with the requirement of an affirmative act of concealment in instances where the underlying wrong is deemed "self concealing." A self-concealing wrong is one in which "deception is an essential element for some purpose other than merely covering up the act." *Texas.v. Allan Constr. Co. Inc.*, 851 F.2d 1526, 1530 (5th Cir.1988).

▉ The cause of action in this case is not predicated on fraud, but on a violation of the antitrust laws. In order for a price-fixing scheme to be successful, it must be kept secret. It is an illegal endeavor, and public knowledge of its existence spoils the plan. *Allan Constr. Co., Inc.*, 851 F.2d at 1531. However, the purpose of the deception is to cover up the illegal act. Thus, the deception is not "an essential element of the wrong." *Id.* If the deception is not an essential element of the wrong, then it follows that fraudulent concealment is not inherent in every price-fixing scheme. Mere silence does not toll the statute of limitations; defendants must commit an affirmative act of concealment—a trick or contrivance intended to exclude suspicion or prevent inquiry. *Pinney*, 838 F.2d at 1467–72; *Gaetzi v. Carling Brewing Co.*, 205 F.Supp. 615, 623 (E.D.Mich.1962). The Sixth Circuit has instructed that:

> "self-concealment of a conspiracy.... refers to activities in furtherance of the conspiracy which by their nature defy detection...." Mere silence or one's unwillingness to divulge one's allegedly wrongful activities, is not sufficient.

*Pinney Dock*, 838 F.2d at 1471–72 (*quoting Gaetzi, supra* at 623).

Plaintiffs rely on *Pinney Dock* as support for the proposition that affirmative acts of concealment are not necessary in order for the statute of limitations to be tolled in an "anti-trust" lawsuit such as this. This Court disagrees with plaintiffs' interpretation of *Pinney Dock*. The Sixth Circuit in *Pinney Dock* discussed extensively Judge Wade H. McCree, Jr.'s Opinion in *Gaetzi, supra*. In discussing Judge McCree's Opinion, the Court stated:

> Thus, according to *Gaetzi*, although self-concealing misconduct may be sufficient for purposes of the first element of fraudulent concealment, the cases involving such conduct "are not incompatible with the rationale underlying the principle that affirmative acts of concealment must be shown except in cases founded on fraud or breach of fiduciary duty." *Gaetzi*, 205 F.Supp. at 621. Moreover, Judge McCree emphasized that " 'self-concealment' of a conspiracy sufficient to toll the statute of limitations refers to activities in furtherance of the conspiracy *which by their nature defy detection*." *Id.* at 623. Mere silence or one's unwillingness to divulge one's allegedly wrongful activities, is not sufficient. *As the underlying cause of action here is based upon alleged antitrust violations not fraud, we agree with Judge McCree's rationale in Gaetzi that a plaintiff should be required to prove affirmative acts of concealment, particularly in light of the strong policy in favor of statutes of limitations. Pinney Dock* at 1471, 1472 (emphasis added).

▉ Consequently, this Court rejects the contention that because the price-fixing conspiracy was inherently "self-concealing," plaintiffs do not need to prove affirmative acts of concealment.

▉ Plaintiffs argue in the alternative that even if the Court rejects plaintiffs' argument that the price-fixing conspiracy was inherently "self-concealing," plaintiffs can produce evidence of affirmative acts of concealment. However, plaintiffs have failed to set forth either in their briefs or at oral argument any affirmative acts of conceal-

ment which, in this Court's opinion, justify the tolling the statute of limitations based on the concept of fraudulent concealment. Essentially plaintiffs have alleged a pattern of conduct by defendants which included face-to-face meetings and telephone calls—all conducted.under the cloak of secrecy in furtherance of the conspiracy to fix the prices of dry cleaning and laundry supplies. Plaintiff submits a number of exhibits in support of its claim that the alleged conspiracy was formulated and carried out under a cloak of secrecy. (*See e.g.,* Exhibits K, P, T and U, deposition testimony of defendants). Such conduct of clandestine meetings and telephone conversations is not sufficient to establish the requisite "affirmative acts" of fraudulent concealment. *Pinney Dock*, 838 F.2d at 1471–72.

 Moreover, plaintiffs' reliance on statements of defendants' salesmen, is equally unpersuasive. First, the evidence is unrefuted that the salespersons were unaware that the defendants were engaging in any price-fixing.[9] Therefore, the statements attributed to the salesmen cannot be considered as affirmative acts of concealment on the part of defendants. Second, the testimony of Kyu Chung Cho, relied upon by plaintiffs, simply stated that the sales people responded that the price was always the same between the two major suppliers because the "company decided the price." (Brief in Opposition at 15.) Such statement cannot rise to the level of an affirmative act of concealment as required by *Pinney Dock, supra.* Therefore, since plaintiffs have pointed to no evidence whatsoever which would support their burden of establishing affirmative acts of concealment, plaintiff cannot meet the first of *Dayco* 's three required elements. Such failure will preclude plaintiff from establishing fraudulent concealment. Therefore, any claims arising prior to four years from the date this lawsuit was filed are barred by the expiration of the statute of limitations.

### CONCLUSION

For the reasons set forth above, this Court denies plaintiffs' motion for partial summary judgment, denies defendants' motion for summary judgment on the issue of antitrust injury and damages, and grants defendants' motion for partial summary judgment as to the statute of limitations issue only.

An Order consistent with this Opinion shall issue forthwith.

---

9. Defendants have so testified at deposition. No contrary evidence has been offered.