STATE OF MICHIGAN, ex rel. Frank J. KELLEY, Attorney General of the State of Michigan, on behalf of Michigan Public School Districts identified in Exhibit 1 attached to the Complaint; Frank J. Kelley, Attorney General, State of Michigan, ex rel. Attorney General of the State of Michigan, on behalf of Michigan Public School Districts identified in Exhibit 1 attached to the Complaint, et al., Plaintiffs,

v.

McDONALD DAIRY COMPANY; Bareman Dairy, Inc.; Allen Dairy Company, a division of Prairie Farms Dairy, Inc.; Country Fresh, Inc., dba Heatherwood Farms Company dba Peninsula Products Company; Dairy Maid; Detroit Pure Milk dba Farm Maid Dairy dba Lockshore Dairy dba Twin Pines Dairy; Lansing Dairy, Inc.; New Paris Creamery Company; Roeloff Dairy; Scholl Dairy; Sherman Dairy Products Company, Inc.; Stanley Bareman, Individually; Jerome Bullis, Individually; Richard Bylsma, Individually; Larry Grassmid, Individually; Jerry La Clair, Individually; Robert Petz, Individually; Wayne Roeloff, Individually; Stephen Scholl, Individually; Harvey Scholten, Individually; Dan Schummer, Individually; Porter Sherman, Individually; Defendants.

No. 5:94:CV:158.

United States District Court, W.D. Michigan.

June 27, 1995.

Patrick J. Berardo, Gordon W. Van Wieren, Jr., Thrun, Maatsch & Nordberg, PC, Lansing, MI, Robert C. Ward, Jr., Frank J. Kelley, Attorney General, Consumer Protection Division, Lansing, MI, Richard Alan Arnold, Kenny, Nachwalter, Seymour & Arnold, PA, Miami, FL, for plaintiffs State of Michigan et al.

Patrick J. Berardo, Thrun, Maatsch & Nordberg, PC, Lansing, MI, Robert C. Ward, Jr., Lansing, MI, Richard Alan Arnold, Kenny, Nachwalter, Seymour & Arnold, PA, for plaintiffs Barry Intermediate School Dist. et al.

Daniel R. Gravelyn, Warner, Norcross & Judd, Grand Rapids, MI, for defendants, McDonald Dairy Company et al.

Jeffrey A. Roth (attorney not found during case opening), Richard L. Reinish, Robert W. Pratt, Keck, Mahin & Cate, Chicago, IL, Richard D. Persinger, Knoll, Persinger & Knoll, PC, Holland, MI, for defendants Bareman Dairy, Inc. et al.

James L. Anderson, Illinois Agricultural Association, Office of The General Counsel, Bloomington, IL, for defendant Allen Dairy Company, a division of Prairie Farms Dairy, Inc.

Thomas A. Hoffman, Wrigley & Hoffman, PC, Grand Rapids, MI, for defendants Dairy Maid et al.

Monique K. Cirelli (attorney not found during case opening), Stephen E. Glazek, Barris, Sott, Denn & Driker, Detroit, MI, for defendant Detroit Pure Milk.

Ronald G. Acho, Cummings, McClorey, Davis & Acho, PC, Livonia, MI, James L. Dyer, Cummings, McClorey, Davis & Acho, PC, Battle Creek, MI, Eric D. Smith, Cummings, McClorey, Davis & Acho, PC, Farmington Hills, MI, for defendant Lansing Dairy, Inc.

Grant J. Gruel, Gruel, Mills, Nims & Pylman, Grand Rapids, MI, for defendants Roeloff Dairy et al.

Frederick D. Dilley, Boyden, Waddell, Timmons & Dilley, Grand Rapids, MI, Lee Warren Dabagia, Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, IN, for defendants Scholl Dairy et al.

Douglas L. Callander, Jeffrey Cannon O'Brien, Kreis, Enderle, Callander & Hudgins, PC, Kalamazoo, MI, Michael J. Roberts, Roberts, Betz & Bloss, PC, Grand Rapids, MI, for defendant Sherman Dairy Products Company, Inc.

Jerome Bullis, DeLand, FL, pro se.

Vincent Connelly, for defendant Richard Bylsma.

Larry C. Willey, Grand Rapids, MI, for defendant Jerry La Clair.

Robert Petz, Plainwell, MI, pro se.

Timothy E. Eagle, Varnum, Riddering, Schmidt & Howlett, Grand Rapids, MI, Judy E. Bregman, Bregman & Welch, Grand Haven, MI, for defendant Porter Sherman.

## OPINION

ENSLEN, District Judge.

The matters before the Court are defendants' motions to dismiss and to strike. The defendants raise substantially the same arguments in their separate motions; accordingly, the Court will address the motions together.

## FACTS

Defendants are dairy companies and some of their acting or former executives. Plaintiffs are Michigan area public school districts,

represented *ex relatione* by the State of Michigan and the Attorney General. The plaintiffs allege that the defendants engaged in a conspiracy to rig bids on contracts for supplying milk to Michigan area school districts between the years 1985 and 1990, in violation of § 1 of the Sherman Act (15 U.S.C. § 1) and § 2 of the Michigan Antitrust Reform Act (M.C.L. § 445.772). Defendants challenge the sufficiency of the complaint.

### Standard

■ A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading. *Davis H. Elliot Co., Inc. v. Caribbean Utils. Co.,* 513 F.2d 1176, 1182 (6th Cir.1975). In deciding this 12(b)(6) motion, the Court must determine whether the plaintiffs' complaint sets forth sufficient allegations to establish a claim for relief. The Court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Windsor v. The Tennessean,* 719 F.2d 155, 158 (6th Cir.1983).

In this matter, defendants challenge the specific pleading requirement of particularity as set forth in Federal Rule of Civil Procedure 9(b): "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." If plaintiffs fail to allege facts in keeping with the particularity requirement of Rule 9(b), plaintiffs fail to state a claim under Rule 12(b)(6). *See State of Ohio ex rel. Fisher v. Louis Trauth Dairy,* 856 F.Supp. 1229, 1238 (S.D.Ohio 1994).

■ The Sixth Circuit, however, "has rejected a strict reading of Rule 9(b)." *Ballan v. Upjohn Co.,* 814 F.Supp. 1375, 1385 (W.D.Mich.1992) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.,* 848 F.2d 674, 679 (6th Cir.1988)). In the context of a Rule 12(b)(6) motion filed before discovery, "[c]ourts must be sensitive to the fact that application of Rule 9(b) prior to discovery 'may permit sophisticated defrauders to successfully conceal the details of their fraud.'" *Id.* at 1385 (citing *Craftmatic Sec. Litig. v. Kraftsow,* 890 F.2d 628 (3d Cir.1989) and *Christidis v. First Pa. Mortgage Trust,* 717 F.2d 96, 99–100 (3d Cir.1983)). *See also, Mercer v. Jaffe, Snider, Raitt and Heuer, P.C.,* 713 F.Supp. 1019, 1026 (W.D.Mich.1989). "[T]he purpose undergirding the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim in order to prepare a responsive pleading." *Ameritrust Co., N.A.,* 848 F.2d at 679–80. *See also, J.C. Wyckoff & Assoc. v. Standard Fire Ins. Co.,* 936 F.2d 1474, 1489 (6th Cir.1991). The complaint need not paint the lily.

### DISCUSSION

■ Defendants claim that state and federal statutes of limitations bar plaintiffs' claims. Dismissing this case on a 12(b)(6) motion would only be proper if the time alleged in the complaint clearly shows the action is untimely, or if the motion to dismiss is accompanied by affidavits or other evidentiary matter demonstrating the untimeliness. *Jablon v. Dean Witter,* 614 F.2d 677, 682 (9th Cir.1980); *Rauch v. Day & Night Manufacturing,* 576 F.2d 697, 702 (6th Cir.1978). On the instant motions, this Court limits itself to the complaint because no other materials regarding the timeliness issue have been provided.[1]

### I. Statutes of Limitation and Tolling Provisions

■ The statute of limitations for both a federal anti-trust action as well as a claim under Michigan law is four years. 15 U.S.C. § 15b; M.C.L. § 445.781. Plaintiffs allege that the price-fixing conspiracy ran from the mid–1980s through "at least the 1989–90 school year." Defendants urge that because the instant action was filed on November 2, 1994, the claims are invalid for all conduct committed before November 2, 1990.

■ Under the doctrine of fraudulent concealment, however, a statute of limitations is tolled where the defendants engaged in conduct masking the existence of the claims. *Pinney Dock and Transport. Co. v. Penn. Cent. Corp.,* 838 F.2d 1445, 1466 (6th Cir.), *cert. denied,* 488 U.S. 880, 109 S.Ct. 196, 102

---

1. *See* infra note 4.

L.Ed.2d 166 (1988); *Louis Trauth Dairy,* 856 F.Supp. at 1236; *Dry Cleaning and Laundry v. Floms Corp.,* 841 F.Supp. 212, 216 (E.D.Mich.1993).

■ Where fraudulent concealment of a federal anti-trust claim has been shown by a plaintiff, the four-year federal statute of limitations begins anew from the time the plaintiff knew or should have known of the existence of the federal claim. *Norton–Children's Hosp. v. James E. Smith & Sons, Inc.,* 658 F.2d 440, 445 (6th Cir.1981); *Pinney Dock,* 838 F.2d at 1466; *Louis Trauth Dairy,* 856 F.Supp. at 1236. Because plaintiffs filed this suit on November 2, 1994, they must show that the fraudulent concealment doctrine tolled the federal statute of limitations such that they could not with due diligence have discovered their federal cause of action before November 2, 1990.

■ Michigan state law claims, however, are treated somewhat differently. Michigan has a specific statute which provides that, where the applicable state statute of limitations has expired due to the defendant's fraudulent concealment, the plaintiff has but two years from the time the plaintiff knew or should have known of the state claim to file suit. M.C.L. § 600.5855; *Benoay v. Decker,* 517 F.Supp. 490, 496–97 (E.D.Mich.1981) (federal securities law borrowed state statutes of limitations,[2] granting plaintiff the longer of six-years from the date of the fraud or two years from discovery of the fraud). For the Michigan anti-trust claim, the plaintiffs must show that the Michigan fraudulent concealment statute tolled the Michigan statute of limitations such that they could not with due diligence have discovered their state claim before November 2, 1992.

## II. Elements of Fraudulent Concealment

■ Plaintiffs must allege three elements to establish fraudulent concealment of a federal claim: 1) wrongful concealment by the defendants of their actions; 2) failure of the plaintiffs to discover the operative facts that are the basis of the cause of action within the statute of limitations; and 3) plaintiffs' exercise of due diligence until discovery of the facts. *Dayco Corp. v. Goodyear Tire & Rubber Co.,* 523 F.2d 389, 394 (6th Cir.1975); *Louis Trauth Dairy,* 856 F.Supp. at 1236; *Floms Corp.,* 841 F.Supp. at 216.

The state rule is in accord. *See* M.C.L. § 600.5855; *Heap v. Heap,* 258 Mich. 250, 263, 242 N.W. 252 (1932). *See also, Kikos v. Intern. Broth. of Teamsters, Etc.,* 526 F.Supp. 110, 116 (E.D.Mich.1981).

### A. Affirmative acts of wrongful concealment

■ When the underlying claim is for a violation of federal or Michigan anti-trust law, rather than fraud or a breach of fiduciary relationship, the plaintiff must allege some affirmative misconduct preventing discovery and excusing delay to establish the first element of fraudulent concealment. *Pinney Dock,* 838 F.2d at 1468–69 (under federal law, where the underlying claim is an anti-trust claim rather than fraud or breach of fiduciary duty, affirmative acts of concealment must be pled); *Bufalino v. Michigan Bell Telephone Co.,* 404 F.2d 1023, 1028 (6th Cir.1968) (applying Michigan law); *McNaughton v. Rockford State Bank,* 261 Mich. 265, 246 N.W. 84 (1933) (under Michigan law, action not based on fraud or breach of trust requires proof of affirmative act of concealment to toll statute).

■ In the Sixth Circuit, the affirmative acts of concealment may be committed at any time, including during the course and in furtherance of the underlying conspiracy. *Pinney Dock,* 838 F.2d at 1471–76; *Louis Trauth Dairy,* 856 F.Supp. at 1236–37. *Accord, State of Tex. v. Allan Const. Co., Inc.,* 851 F.2d 1526, 1532–33 (5th Cir.1988); 2 Areeda & Turner, *Antitrust Law* ¶ 325d, at 124 (1988).

Because state anti-trust law was enacted so as to make federal precedent available to the state courts, this Court will apply this precedent to the Michigan tolling provision as well. *See Bufalino,* 404 F.2d at 1028;

---

**2.** Federal anti-trust law provides a statute of limitations and, therefore, does not borrow state rules.

*Danou v. Kroger Co.*, 557 F.Supp. 1266, 1268 (E.D.Mich.1983). Indeed, the Michigan rule appears in accord with the Sixth Circuit. *See Draws v. Levin*, 332 Mich. 447, 453, 52 N.W.2d 180 (1952) (" 'The rule in question prohibits the defendant from doing *at any time anything* to prevent the plaintiff from ascertaining [the facts upon which the cause of action depends], either by affirmative action which conceals the truth, or by any device which avoids inquiry that would lead to discovery.' ") (citation omitted) (emphasis added).

■ The following are some of the affirmative acts of concealment pled by plaintiffs: submitting pre-arranged, complementary losing bids to give the illusion of competition; arranging the bids to give the appearance that they depended upon equipment availability or distribution difficulties; providing false information to law enforcement authorities regarding their involvement in the bid rigging; destroying documents before as well as after the conspiracy was detected; concealing public records; and affirmatively instructing other conspirators not to divulge the existence of the conspiracy.

This Court holds that these satisfy the Sixth Circuit's requirement for pleading affirmative acts of concealment. In *Pinney Dock*, the Sixth Circuit cited a district court case from the Fifth Circuit in describing what may constitute affirmative acts of concealment:

> The affirmative acts [alleged] included submitting prearranged bids by the company that had agreed not to receive the award, in order to give the illusion of competition among corporate defendants, and maintaining agreed-upon ratios of major equipment in particular localities throughout the

world, so as to give the false impression that excessive bids on particular projects were the result of equipment availability rather than of the unlawful conspiracy.

*Id.* at 1473 (citing *Ingram Corp. v. J. Ray McDermott & Co.*, 1980–1 Trade Cas. (CCH) Para. 63,277, 78,414, 1980 WL 1819 (E.D.La. 1980), *rev'd on other grounds*, 698 F.2d 1295 (5th Cir.1983)).[3] *See also, State of Michigan ex rel. Kelley v. C.R. Equipment Sales, Inc., et al.*, 898 F.Supp. 509 (W.D.Mich.1995) (Gibson, J.) (bid-rigging scheme constituted affirmative acts under *Pinney Dock*); *Louis Trauth Dairy*, 856 F.Supp. at 1237 ("We are satisfied that the allegation of the use of prearranged rigged bids, which were secretly negotiated and subsequently concealed is sufficient to meet the affirmative misconduct requirement of fraudulent concealment."). *Accord, Com. of Pa. v. Milk Indus. Management Corp.*, 812 F.Supp. 500, 504 (E.D.Pa. 1992) (bid-rigging scheme may establish affirmative acts); *Bethlehem Steel Corp. v. Fischbach and Moore, Inc.*, 641 F.Supp. 271, 274–75 (E.D.Pa.1986) (bid-rigging activity equivalent to affirmative acts); *State of Illinois v. Sperry Rand Corp.*, 237 F.Supp. 520, 523–24 (N.D.Ill.1965) (specifically agreed-upon, calculated, bids constitute an affirmative act to conceal the conspiracy).

Furthermore, the plaintiffs have sufficiently pled significant wrongfully concealing acts other than the submission of prearranged complimentary losing bids, such as destruction of records before and after the bidding. *See Pinney Dock*, 838 F.2d at 1472; *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc., et al.*, 874 F.Supp. 721 (W.D.Va.1994); *United Nat'l Records, Inc. v. MCA, Inc.*, 609 F.Supp. 33, 35–36 (N.D.Ill. 1984).[4]

---

**3.** Defendants cite *Floms Corp.*, 841 F.Supp. at 212, for the proposition that bid-rigging conspiracies are self-concealing, and do not establish the affirmative acts of concealment under *Pinney Dock*. However, the statement in *Pinney Dock* that, "under the facts" then before it, a self concealing standard was inappropriate, followed by the extensive quote and citation to *Ingram Corp.*, provide ample basis for concluding that bid-rigging conspiracies should be treated somewhat differently than other conspiracies. *Pinney Dock*, 838 F.2d at 1472–73. *See, e.g., State of Michigan ex rel. Kelley v. C.R. Equip. Sales, Inc.,*

*et al.*, (W.D.Mich.1995) (Gibson, J.); *Louis Trauth Dairy*, 856 F.Supp. at 1237.

**4.** Arguments by some defendants that they withdrew from the conspiracy after 1984 but before 1990 are not well taken. What year a defendant may or may not have withdrawn from the bid-rigging is not relevant to the issue of whether the scheme, or the conduct engaged in pursuant to the scheme, constituted affirmative acts concealing the anti-trust violations. Furthermore, the named individual defendants have been sued in

## B. Plaintiff's failure to discover and due diligence

■ The second and third elements of fraudulent concealment are best addressed together. *See Louis Trauth Dairy*, 856 F.Supp. at 1237 (citing *Wood v. Carpenter*, 101 U.S. 135, 143, 25 L.Ed. 807 (1879)). "A plaintiff ... must prove that he neither knew nor should have known of his potential claims, despite his due diligence." *Id.*

■ Construing the complaint liberally in favor of plaintiffs, *see Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176, 1182 (6th Cir.1975), the plaintiffs allege that they became suspicious of the possibility of a potential claim of some sort in January 1991 when the Justice Department requested their milk-bidding documents, but did not become aware of sufficient operative facts for properly filing an anti-trust claim until just before filing this suit. *See* Fed.R.Civ.P. 11. The complaint includes the required allegation that they failed to uncover the operative facts of the conspiracy at any earlier date because of defendants' fraudulent concealment. The plaintiffs exercised due diligence in attempting to uncover any collusion among bidders for the milk contracts by using a sealed bid system and then reviewing the contracts in detail before awarding the winner. *See Louis Trauth Dairy*, 856 F.Supp. at 1237 (due diligence shown by use of sealed bids).

### 1. Dismissal of federal claim improper

Under federal law, even if the plaintiffs should have known of the federal claim at the time the United States Department of Justice requested documents on the bids in 1991, the filing of the suit in 1994 was within the four-year limit. *See Norton–Children's Hosp.*, 658 F.2d at 445.

### 2. Dismissal of state claim premature

Granting defendants' state law statute of limitations defense under the state rule would be premature on this Rule 12(b)(6)

motion. It is not clear from the complaint that the state claim is untimely. *See Jablon*, 614 F.2d at 682; *Rauch*, 576 F.2d at 702. Defendants contend that the plaintiffs' concession in the complaint that the Department of Justice requested documents on the milk bids in early 1991 constituted an admission that the plaintiffs knew or should have known more than two years prior to filing this suit of the state cause of action. Plaintiffs counter that only after the federal criminal informations were issued against two of the dairies in 1993 did they affirmatively know of their potential civil anti-trust claims. After all, the plaintiffs consistently contend in the complaint that the bidding materials themselves appeared proper in all respects.

■ The filing of a similar lawsuit by others against the same defendants does not in itself, as a matter of law, constitute sufficient notice to end the tolling of the statute of limitations. *Allan Const.*, 851 F.2d at 1533–34. It follows that the mere investigation by the federal government of a similar federal criminal claim against some, but not all, of the defendants eventually sued for civil liability by the state under state law also does not necessarily begin the running of the statute of limitations. *See id.* On a summary judgment motion, filed pursuant to Rule 56, each defendant would have to show conclusively that more than two years prior to the filing of this suit, the plaintiffs through due diligence had, or should have had, "access to information that would independently verify the allegations in the [other similar] complaint" sufficient to support filing the instant legal action. *Id.* It is not possible for this court to make that finding on the basis of this complaint alone on a Rule 12(b)(6) motion.[5] Of necessity in this case, the question is a factual issue addressed no sooner than on summary judgment. *See id.; In re Beef Industry Antitrust Litig.*, 600 F.2d 1148, 1171 (5th Cir.1979). *See also, Davis H. Elliot Co., Inc.*, 513 F.2d at 1182 (citing *Conley*, 355 U.S. at 45–46, 78 S.Ct. at

---

their individual capacities, not merely as agents of any particular named dairy company.

**5.** This Court is unaware of the content of the documents in the hands of the plaintiffs before

November, 1992, or that those documents could provide sufficient basis for filing a suit under Fed.R.Civ.P. 11.

101–102); *Bufalino,* 404 F.2d at 1028–29. *Cf. Hobson v. Wilson,* 737 F.2d 1, 36 (D.C.Cir. 1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985) (noting that just because a person knows she has been injured by one person does not mean that she knows of every other participant).

■ Defendants, nevertheless, insist that they have not been properly informed of the who, what, when, where, and how. But the complaint provides when the conspiracy began, its duration, the names of the individuals who represented each dairy as part of the scheme, the names of the different school districts affected, which dairies were allocated which school districts, the nature of the scheme, when the school districts became suspicious that some sort of a claim might exist, when they had sufficient basis for filing the alleged anti-trust claims against the defendants, and the manner in which the defendants concealed their conduct. Thus, the whole of the complaint does provide fair notice. *See Michaels Bldg. Co.,* 848 F.2d at 679; *Scholnick v. Schecter,* 752 F.Supp. 1317, 1325 (E.D.Mich.1990). *Accord, Haroco, Inc. v. American Nat. B. & T. Co. of Chicago,* 747 F.2d 384, 405 (7th Cir.1984).

## CONCLUSION

Where, as here, a substantial portion of any incriminating evidence lies in the sole control of the defendants, courts are particularly reluctant to view Rule 9(b) strictly on a Rule 12(b)(6) motion. *See Mercer,* 713 F.Supp. at 1026. Defendants' Rule 12(b)(6) motions to dismiss must be denied because it does not appear beyond doubt that the plaintiffs can prove no set of facts in support of the anti-trust claims which would entitle them to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Great Lakes Steel v. Deggendorf,* 716 F.2d 1101, 1105 (6th Cir.1983); *Balderaz v. Porter,* 578 F.Supp. 1491, 1494 (S.D.Ohio 1983).[6]

Because the motions to strike the allegations of concealment were premised on the same arguments presented for the motion to dismiss, the motions to strike must also be denied. *See* Fed.R.Civ.P. 12(f) (a court may order stricken only "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter").

## *ORDER*

In accordance with the Opinion entered on this date;

IT IS HEREBY ORDERED that defendant McDonald Dairy's motion to strike and dismiss (dkt. # 17) is DENIED.

IT IS FURTHER ORDERED that defendant Jerry La Clair's motion to strike and dismiss (dkt. # 39) is DENIED.

IT IS FURTHER ORDERED that defendant Robert Petz's motion for dismissal (dkt. # 59) is DENIED.

IT IS FURTHER ORDERED that defendant Bareman Dairy, Inc.'s motion to strike and dismiss (dkt. # 61) is DENIED.

IT IS FURTHER ORDERED that defendants Larry Grassmid and Dairy Maid Milk Company's motion to strike and dismiss (dkt. # 67) is DENIED.

IT IS FURTHER ORDERED that defendant Allen Dairy Company's motion to strike and dismiss (dkt. # 68) is DENIED.

IT IS FURTHER ORDERED that defendant Lansing Dairy's motion to strike and dismiss (dkt. # 69) is DENIED.

IT IS FURTHER ORDERED that defendant Sherman Dairy Products Company, Inc.'s motion to strike and dismiss (dkt. # 70) is DENIED.

IT IS FURTHER ORDERED that defendant Roeloff Dairy and Wayne Roeloff's motion to strike and dismiss (dkt. # 73) is DENIED.

IT IS FURTHER ORDERED that defendant Jerome Bullis's motion to strike and dismiss (dkt. # 76) is DENIED.

---

6. Of course, at trial, after the benefit of discovery, plaintiffs will bear the greater burden of proving fraudulent concealment with respect to each individual defendant. *See Louis Trauth Dairy,* 856 F.Supp. at 1238. Or, if it becomes apparent in the course of discovery that the plaintiffs cannot establish their claims, this Court will consider a motion for summary judgment at that time. *See Mercer,* 713 F.Supp. at 1026.

**IT IS FURTHER ORDERED** that defendant Robert Petz's second motion for dismissal (dkt. # 84) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant Porter Sherman's motion to strike and dismiss (dkt. # 85) is **DENIED.**